**Leonard HARDIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–95–00375–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 14, 1997.

Jules L. Laird, Jr., Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before MURPHY, C.J., and ANDERSON and O'NEILL, JJ.

## OPINION

ANDERSON, Justice.

Leonard Hardin was charged with the felony offense of possession of a controlled substance with two enhancement paragraphs alleging prior convictions. A jury convicted him and sentenced him to 38 years in the Institutional Division of the Texas Department of Corrections. On appeal, appellant brings ten points of error generally challenging (1) the admissibility of the cocaine discovered as a result of the alleged illegal search of appellant's person and his subsequent arrest; (2) the adequacy of the 38.23 instruction included in the jury charge; (3) the State's reading of the enhancement paragraphs in the indictment prior to the guilt/innocence phase of trial; (4) the denial of appellant's right to the effective assistance of counsel; and (5) the failure of the judgment to match the jury verdict. We reform the judgment to match the verdict and, in all other respects, affirm the judgment of the trial court.

On July 25, 1994, two Houston police officers were on patrol in an area commonly known for narcotics and prostitution. At about 2 A.M., the officers came upon two men standing in the middle of the road. One of the men, appellant, was facing the patrol car and holding a paper bag in his left hand. Appellant's right hand was extended, and he appeared to be placing something into both hands of the other man. The officer's suspected that the two men were engaged in a drug transaction and stopped to investigate. At that point, appellant began to walk away, but the officers asked him to stop. Appellant began to place something in the paper sack he was carrying. One of the officers grabbed his arm. Appellant then closed his hand into a fist and placed it into the right, front pocket of his pants. The officer believed appellant to be in possession of illegal narcotics and reached into the man's pocket, retrieving a substance that later tested positive as cocaine. Appellant was arrested, tried, and convicted for the offense of possession of a controlled substance.

■ In his first four points of error, appellant challenges the trial court's denial of his motion to suppress the cocaine because he argues that it was seized in violation of his rights under the Fourth and Fourteenth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution. We need not address the merits of these arguments because we find appellant has waived these points of error. Ordinarily, by filing a motion to suppress, a defendant preserves his right to complain of the admission of evidence at trial even if he fails to object when that evidence is introduced at trial. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim.App.1985). However, when the defendant's attorney *affirmatively states* that he has no objection to the admissibility of the evidence when it is introduced at trial, he waives his right to object to its admission on appeal. *Id.*

In this case, defense counsel filed a pretrial motion to suppress the cocaine. However, when he stated, "No objections, your honor," at the point when the prosecutor offered the cocaine into evidence, he waived his right to complain on appeal about its admissibility. Therefore, we overrule points of error one through four.

■ In his fifth point of error, appellant argues that the jury charge did not adequately instruct the jurors with regard to the legality of the seizure of the cocaine in accordance with Article 38.23 of the Texas Code of Criminal Procedure. Under article 38.23, the court is required to exclude any evidence that it finds, *as a matter of law,* was obtained in violation of the Constitution or the laws of the United States or of the State of Texas. *Atkinson v. State*, 923 S.W.2d 21, 23 (Tex. Crim.App.1996). However, where there is a *fact issue* regarding the manner in which the evidence was obtained, article 38.23 permits the court to submit the question to the jury with an instruction that if the jurors find that the evidence was obtained in violation of the law, they are not to consider it in reaching their verdict. *Id.*

A defendant is only entitled to an instruction under article 38.23 when the record demonstrates a *factual dispute* concerning how the evidence was obtained. *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim.App. 1986). In this case, appellant challenged the

admissibility of the cocaine on legal, not factual grounds, and the evidence contains no conflicts regarding the manner in which the cocaine was obtained. Therefore, appellant was not entitled to an article 38.23 instruction. Appellant's fifth point of error is overruled.

■ In his sixth and seventh points of error, appellant argues that he was denied the right to a fair and impartial trial when the State read the enhancement paragraphs from the indictment at the commencement of the guilt/innocence phase of his trial rather than waiting until the punishment phase of trial as is required by article 36.01(a)(1) of the Texas Code of Criminal Procedure. Appellant failed to object to the State's reading of the enhancement paragraphs. However, on appeal, appellant contends that the State's error constitutes grounds for reversal despite his attorney's failure to object because it denied him his right to a fair and impartial trial. We disagree. Absent an objection, any violation of article 36.01 is waived. *Cox v. State,* 422 S.W.2d 929, 930 (Tex.Crim.App. 1968). Thus, appellant's sixth and seventh points of error are overruled.

■ In his eighth and ninth points of error, appellant contends that he was deprived of the effective assistance of counsel due to his attorney's failure to (1) use peremptory challenges on biased jurors; (2) request an application paragraph for an Article 38.23 instruction; and (3) to object to the State's reading of the enhancement paragraphs of the indictment at the guilt/innocence phase of trial. In order to support his complaint about the ineffective assistance of his trial counsel, appellant was required to show: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonableness based upon prevailing professional norms; and (2) that there is a reasonable probability that, but for counsel's deficient performance, the outcome of the case would have been different. *Strickland v. Washington,* 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984).

Initially, appellant complains that his attorney was ineffective in that he failed to strike four potential veniremembers who allegedly expressed some bias against the law set out at article 38.23 of the Texas Code of Criminal Procedure, commonly referred to as the Exclusionary Rule. Our review of the record of the voir dire in this case indicates that, although these veniremembers all stated varying degrees of distaste for "legal loopholes," they each concluded that they could follow the law despite their personal disagreement with it. The record gives us no indication as to why appellant's attorney did not exercise strikes against these four veniremembers as opposed to those veniremembers he did strike.

Where the record does not support trial counsel's reason for failing to challenge or strike a particular veniremember, we must indulge the presumption that counsel's performance was adequate. *Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994). Peremptory strikes are limited in number, and the determination of which veniremembers warrant the exercise of this restricted resource is inherently strategic in nature. We will not second guess this trial attorney's strategic determination of which veniremembers to strike or speculate on his objectives absent some record of what those objectives may have been.

■ Appellant's second complaint regarding the ineffectiveness of his attorney pinpoints counsel's failure to request an adequate article 38.23 instruction. We conclude that this alleged error was not an error at all and certainly did not affect the outcome of the case because, as noted above, appellant was not entitled to an article 38.23 instruction at all. Thus, he should not be heard to complain that the one he received was inadequate.

■ Finally, appellant complains that his attorney at trial rendered ineffective assistance as a result of his failure to object when the enhancement paragraphs in the indictment were read to the jury at the guilt/innocence phase of trial. The requirement that enhancement paragraphs may not be read until the punishment phase of trial is directed at preventing the jury from being prejudiced at the outset of the trial by an announcement that the State believes the defendant has been previously convicted of a

prior offense. *Frausto v. State*, 642 S.W.2d 506, 509 (Tex.Crim.App.1982).

Whether trial counsel's failure to object to a potentially prejudicial reference to a defendant's prior offenses during the guilt/innocence phase of trial constitutes ineffective assistance of counsel was at issue in another case addressed by this court. In *McGee v. State*, we were faced with a complaint regarding the prosecutor's reference to a defendant's prior offenses while questioning potential jurors during voir dire. 689 S.W.2d 915, 918 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd 1986). Specifically, the prosecutor's question in that case regarded whether the veniremembers would be able to assess the maximum punishment if they found that the appellant was "again pushing drugs." *Id.* This statement has a similar potential for prejudicing jurors because it also indicates that the defendant has previously engaged in the conduct for which he is currently on trial. Nevertheless, this court found that counsel's failure to object to the remark did not constitute ineffective assistance of counsel on the ground that this isolated omission provided an insufficient basis for determining that counsel's performance, as a whole, was ineffective. *Id.* at 922.

 The *Strickland* standard should not be interpreted as a guarantee of perfect or errorless counsel. *McFarland v. State*, 845 S.W.2d 824, 843 (Tex.Crim.App.1992). Thus, isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective. *Id.* Rather, we must look, with a highly deferential eye, at the *totality* of counsel's representation to determine whether the *Strickland* standard has been met. *Id.*

We must also make reasonable allowances for counsel's trial strategy. *Strickland*, 466 U.S. at 688–89, 104 S.Ct. at 2064–65. Here, appellant's attorney may have declined to object to the reading of the enhancement paragraphs in an attempt to avoid calling further attention to appellant's prior convictions. *See Oliva v. State*, 942 S.W.2d 727, 733 (Tex.App.—Houston [14th Dist.] 1997, n.p.h.) (noting that counsel's failure to object to prosecutor's alleged misstatement regarding appellant's prior conviction may have been trial strategy to avoid overemphasizing the prior conviction). With the benefit of hindsight, we might well conclude that counsel's strategy had the potential for damaging the defendant. But, the impact of counsel's error on appellant's trial is not to be addressed before we first make a determination that counsel's performance, *in its entirety*, was deficient. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2064–65. We conclude that it was not. Therefore, we must overrule appellant's eighth and ninth points of error.

 In his tenth point of error, appellant argues that the court's judgment was inconsistent with the jury's verdict. Appellant was charged with and the jury convicted him of the offense of possession of less than 28 grams of cocaine. However, the court's judgment states that appellant was convicted of possession of "at least 28 grams of cocaine." We agree with appellant and the State that the judgment should be reformed to reflect that appellant was convicted of possession of less than 28 grams of cocaine. *Weaver v. State*, 855 S.W.2d 116, 123 (Tex. App.—Houston [14th Dist.] 1993, no pet.); TEX.R.APP. P. 80(b)(2). In all other respects, the judgment of the trial court is affirmed.

O'NEILL, J., concurs in the result only.