NO. 12-02-00111-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


GARY LEE HOPKINS,
§
 APPEAL FROM THE 173RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 HENDERSON COUNTY, TEXAS

 

 Gary Lee Hopkins ("Appellant") appeals his conviction for possession of a controlled substance,
for which he was sentenced to confinement for eighteen months. Appellant raises two issues on appeal. 
We affirm.


Background

 On August 24, 2000, police responded to a complaint regarding Appellant and his estranged wife,
Melinda Hopkins ("Hopkins"), who were arguing outside of a restaurant in Henderson County, Texas. 
When sheriff's deputies Jody Miller ("Miller") and Tony Duncan ("Duncan") arrived at the scene, they
spoke with Appellant, a person with whom Miller was already familiar. Appellant was accusing his wife
of having an affair with someone named Talley and was insisting that the word "Talley" was written on
the side of Hopkins's car. Miller testified that "Talley" was not written anywhere on Hopkins's car. Based
on Appellant's behavior, Miller, a narcotics investigator, deduced that Appellant was intoxicated and
placed Appellant under arrest for public intoxication. As he was about to place handcuffs on Appellant,
Miller searched Appellant's pants pocket and discovered a small plastic bag. The plastic bag contained
a substance that was later determined to be less than one gram of methamphetamine. 

 Appellant was indicted for intentionally and knowingly possessing a controlled substance, namely
methamphetamine in an amount of less than one gram, and pleaded "not guilty" to the charge. Prior to
trial, Appellant filed a motion to suppress the methamphetamine evidence recovered from him by Miller
because, among other reasons, he had not consented to the search. However, the trial court neither
conducted a hearing nor ruled upon Appellant's motion to suppress. At trial, the prosecuting attorney
sought to offer the methamphetamine recovered from Appellant into evidence. Counsel for Appellant
specifically stated that he had "no objection" to the admission of this evidence. Ultimately, the jury found
Appellant guilty as charged. Subsequently, the trial court conducted a sentencing hearing and sentenced
Appellant to confinement for eighteen months.


Legality of Search and Seizure

 In two issues, Appellant contends that the trial court committed reversible error both in overruling (1)
Appellant's motion to suppress and by admitting the methamphetamine into evidence where there was
neither clear and convincing nor legally sufficient evidence that Appellant consented to a search. 
Ordinarily, by filing a motion to suppress, a defendant preserves his right to complain of the admission of
evidence at trial even if he fails to object when that evidence is introduced at trial. See Gearing v. State,
685 S.W.2d 326, 329 (Tex. Crim. App. 1985), overruled on other grounds, Woods v. State, 956 S.W.2d
33, 37 (Tex. Crim. App. 1997); Hardin v. State, 951 S.W.2d 208, 210 (Tex. App.-Houston [14th Dist.]
1997, no pet.). However, when the defendant's attorney affirmatively states that he has "no objection" to
the admissibility of the evidence when it is introduced at trial, he waives his right to object to its admission
on appeal. Id.; see also Harris v. State, 656 S.W.2d 481, 484 (Tex. Crim. App. 1983).

 In the instant case, Appellant's trial counsel affirmatively stated that he had "no objection" to the
admission into evidence of the methamphetamine Appellant had previously sought to suppress. Thus, we
hold that Appellant has waived the two issues he now urges. Appellant's issues one and two are overruled. 
Accordingly, the judgment of the trial court is affirmed.

 LOUIS B. GOHMERT, JR. 

 Chief Justice



Opinion delivered August 30, in the Year of our Lord 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.


(DO NOT PUBLISH)
1. Our review of the record does not indicate that the trial court overruled Appellant's motion to suppress.