In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-01-00149-CR


______________________________




ANTHONY LAVAR NORTON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 28409-B




 




Before Morriss, C.J., Grant and Ross, JJ.


Opinion by Justice Ross



O P I N I O N



 Anthony Lavar Norton appeals from his conviction by a jury for the offense of
possession of cocaine with intent to deliver. The jury assessed his punishment at forty
years' imprisonment and a $100,000.00 fine. 

 Norton contends the trial court erred by denying his request for a continuance based
on a (nearly) inaudible audiotape which he first had the opportunity to hear six days before
trial. He also contends the evidence is insufficient to prove he committed the alleged
offense within limitations. He further contends the court erred by admitting evidence
obtained through an illegal search and by refusing to charge the jury on certain defensive
issues.

 Norton was stopped by police after he got off a bus from Houston to Longview. 
Officer Rob Bowen, who was working in plain clothes, stopped Norton and talked to him. 
Bowen testified he specifically informed Norton he was not under arrest and did not have
to talk to Bowen. Bowen testified that Norton agreed to allow him to search his bags, but
that he revoked his consent partway through the search. Bowen said it was at this point
that he asked Norton if a narcotics dog could sniff the bags, and Norton replied, "No
problem," and the dog (which was nearby) sniffed and alerted on the bags.

 Bowen testified he then told Norton he was going to detain his bags. Norton told
Bowen he would prove there was nothing in the bags and began emptying them. When
he got to the dirty clothes bag, which was inside another bag, Norton permitted Bowen to
feel it. Bowen testified he felt an object that felt like a two-by-four board, and immediately
suspected a brick of narcotics. Bowen then arrested Norton (as Norton attempted to run
away) and obtained a search warrant for the bags, which proved to contain cocaine. 

 Norton first contends the trial court erred by overruling his motion seeking a
continuance. The trial court's ruling on a motion for continuance is reviewed for abuse of
discretion. Heiselbetz v. State, 906 S.W.2d 500, 511 (Tex. Crim. App. 1995); see Tex.
Code Crim. Proc. Ann. art. 29.03 (Vernon 1989). The Code requires a continuance on
written motion, and on sufficient cause shown, which is to be fully set out in the motion. 
Tex. Code Crim. Proc. Ann. art. 29.03.

 On appeal, Norton contends that the audiotapes made during the exchange
between the arresting officer and Norton were only turned over to him June 5 (with a trial
date of June 11) and that his copy was almost inaudible. He argues that, because of the
late production and the difficulty in understanding the tape, the trial court abused its
discretion by refusing to continue the trial to a later setting. 

 Norton failed to make his copy of the tapes a part of the record. We have reviewed
the original tapes and perceived no audio problems, and had no difficulty understanding
them. Further, Norton's contention on appeal does not match his motion at trial. In that
motion, he complains he has recently received the tapes, but makes no mention of any
difficulty understanding what was said on the tapes. The present argument was not raised
either at a pretrial hearing or at the trial itself. Finally, there is nothing in this record to
show Norton was harmed in any regard by the denial of the continuance. To establish an
abuse of discretion, there must be a showing the defendant was actually prejudiced by the
denial of his or her motion. Janecka v. State, 937 S.W.2d 456, 468 (Tex. Crim. App.
1996); Heiselbetz, 906 S.W.2d at 511. For all these reasons, the contention of error is
overruled.

 Norton next contends the evidence is insufficient to prove the crime was committed
within any applicable statute of limitations. Limitations is one of the elements of an offense
that must be proven by the state, and it is an issue for the jury. However, a jury instruction
is not required unless the indictment on its face raises, or some aspect of the state's
evidence calls into question, whether the indictment was timely presented. Once raised,
the state must prove beyond a reasonable doubt the prosecution is not time-barred. 
Proctor v. State, 967 S.W.2d 840 (Tex. Crim. App. 1998).

 However, a defendant may waive the statute of limitations defense if he or she does
not raise it at trial. Id. at 844; Gone v. State, 54 S.W.3d 27, 35 (Tex. App.-Texarkana
2001, pet. ref'd). In this case, limitations was not raised by the defendant. In that situation,
the state does not have the burden to disprove a defense the defendant did not raise. The
issue has been waived. The contention of error is overruled.

 Norton next contends the trial court erred by admitting three exhibits into evidence:
the cocaine, a suitcase, and a container of dryer sheets. He argues these were obtained
while he was being detained by the officer and that, because Bowen did not provide any
articulable facts to support the detention before his illegal search of the bags, all of the
evidence obtained through that search must be suppressed. 

 At a suppression hearing, the trial court is the exclusive trier of fact and judge of the
credibility of the witnesses, and our review of the trial court's ruling is limited to a
determination of whether it abused its discretion. 

 The general rule is that an appellate court should afford almost total deference to
a trial court's determination of the historical facts that the record supports, especially when
the trial court's fact-findings are based on an evaluation of credibility and demeanor. 
Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We are also to afford such
deference to a trial court's ruling on the "application of law to fact questions," also known
as "mixed questions of law and fact," if the resolution of those ultimate questions turns on
an evaluation of credibility and demeanor. However, where the underlying facts are
undisputed, mixed questions of law and fact must be reviewed de novo. Hernandez v.
State, 957 S.W.2d 851 (Tex. Crim. App. 1998); see Guzman, 955 S.W.2d at 87, 89. Police officers do not violate the Fourth Amendment by merely approaching an
individual in public to ask questions. Such an encounter does not require any justification
whatsoever on the part of an officer. United States v. Mendenhall, 446 U.S. 544, 555 
(1980); Hunter v. State, 955 S.W.2d 102, 104 (Tex. Crim. App. 1997). Further, a request
to search does not automatically transform a consensual encounter into a police detention
under the federal Constitution. Florida v. Bostick, 501 U.S. 429 (1991); Hunter, 955
S.W.2d at 104; Jackson v. State, 77 S.W.3d 921, 926-27 (Tex. App.-Houston [14th Dist.]
2002, no pet.).

 Therefore, even when officers have no basis to suspect an individual, they may ask
questions of that individual, ask to examine that person's identification, and request to
search such person's luggage so long as the police do not by their actions actually inform
the person that compliance with their requests is required. Bostick, 501 U.S. at 434-35;
Hunter, 955 S.W.2d at 104. A seizure of the person occurs when the officer, by means of
physical force or show of authority, has in some way restrained the liberty of a citizen. 
Bostick, 501 U.S. at 434. In determining whether a seizure of the person has occurred for
Fourth Amendment purposes, a court must consider the totality of the circumstances
surrounding the encounter. Id. at 439; Hunter, 955 S.W.2d at 104. The dispositive
question is whether the police conduct would have communicated to a reasonable person
that the person was not free to decline the officers' requests or otherwise terminate the
encounter. Bostick, 501 U.S. at 439; Hunter, 955 S.W.2d at 104; State v. Velasquez, 994
S.W.2d 676, 679 (Tex. Crim. App. 1999); Jackson, 77 S.W.3d at 927. 

 The evidence, both from Bowen's testimony and from the audiotape of the
encounter, was that, not only did Bowen talk with Norton, but he told him at least three
times he did not have to talk to Bowen. There was testimony that Bowen asked Norton
four or five times if it was all right for him to search the bags and that he immediately
stopped looking through the bags when Norton told him to stop. Norton even carried his
bags around the station so Bowen could get his dog to sniff them. Even then, Bowen only
took the bags into his custody and began writing out a receipt to give Norton. It was at that
point Norton decided to prove to Bowen his bags were "clean" and emptied them, which
is when the contraband was discovered. 

 Norton did not testify that anything occurred or was said that could possibly amount
to coercion or that he was encouraged to continue the conversation. He testified he felt
he could not say "no" to the officer, but provided no reason for that "feeling." He also
testified that, although the officer never told him he had to stay, he also never told him he
could leave. This argument is only a matter of semantics. The statements are two
different sides of the same coin. If one does not have to stay, then certainly one can leave;
or, if one can leave, then certainly one does not have to stay. Norton's position is not
persuasive.

 In light of the testimony set out above, which clearly reflects the police officer told
Norton he was free to terminate the encounter at any point, we will not conclude a trial
court abused its discretion by determining the contact was consensual in nature. The
contention of error is overruled.

 Norton also contends the trial court erred by refusing to charge the jury with his
requested instruction on reasonable suspicion. Norton tendered a proposed instruction to
the court stating that, if the jury found Norton was detained (i.e., reasonably believed he
was not free to leave or physically stopped and restrained), then, if there was no
reasonable suspicion to support that detention, the jury should not refer to evidence
obtained as a result of the detention. 

 Appellate review of a claim of error in a jury charge involves a two-step process. 
Abdnor v. State, 871 S.W.2d 726, 731 (Tex. Crim. App. 1994). We must first determine
whether error occurred. If so, we then evaluate whether sufficient harm resulted from the
error to require reversal. Id. at 731-32. Error in the charge, if timely objected to in the trial
court, requires reversal if the error is "calculated to injure the rights of the defendant,"
which means no more than that there must be some harm to the accused from the error. 
Tex. Code Crim. Proc. Ann. art. 36.19 (Vernon 1981); see Abdnor, 871 S.W.2d at 732;
Almanza v. State, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g). A properly
preserved error will call for reversal as long as the error is not harmless. Almanza, 686
S.W.2d at 171.

 Article 38.23 requires the trial court to exclude any evidence that it finds as a matter
of law was obtained in violation of the Constitution or the laws of the United States or of
the State of Texas. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2003); Hardin
v. State, 951 S.W.2d 208, 210 (Tex. App.-Houston [14th Dist.] 1997, no pet.). However,
where there is a fact issue regarding the manner in which the evidence was obtained,
Article 38.23 permits the court to submit the question to the jury. Hardin, 951 S.W.2d at
210. In such event, the trial court must include in its final charge an instruction that, if the
jury "believes, or has a reasonable doubt, that the evidence was obtained in violation of
[any provisions of the Constitution or laws of the State of Texas, or of the Constitution or
laws of the United States of America,] then and in such event, the jury shall disregard any
such evidence so obtained." Tex. Code Crim. Proc. Ann. art. 38.23; see also Reynolds
v. State, 848 S.W.2d 148, 149 (Tex. Crim. App. 1993).

 In support of his position, Norton directs the Court to Atkinson v. State, 923 S.W.2d
21, 23 (Tex. Crim. App. 1996). Atkinson involves a jury instruction issued pursuant to Tex.
Code Crim. Proc. Ann. art. 38.23. Article 38.23 requires the trial court to instruct the jury
to disregard any evidence obtained illegally if the defendant requests the instruction and
raises a fact issue concerning the manner in which the evidence was obtained. Balentine
v. State, 71 S.W.3d 763, 773-74 (Tex. Crim. App. 2002). The only question is whether,
under the facts of a particular case, the defendant raised the issue with evidence, thus
requiring the jury instruction. Franks v. State, No. 2-00-431-CR, 2002 WL 1592443, at *29
(Tex. App.-Fort Worth July 18, 2002, no pet. h.); Crunk v. State, 934 S.W.2d 788, 794
(Tex. App.-Houston [14th Dist.] 1996, pet. ref'd).

 In this case, the jury was given an instruction which reads as follows:

 You are instructed that officer(s) may generally ask persons
questions, ask for identification, and request consent to search luggage,
provided that the officer(s) do not indicate in any way that the individual must
comply. It is not necessary that a defendant be given Miranda warnings prior
to giving consent.

 

 Therefore, unless you find from the evidence that, under the totality
of the circumstances, a reasonable person would feel free to refuse the
officer's request for consent to search, then you will find the consent
involuntary and disregard any fruits of that consent.


 Defense counsel's requested instruction goes in a different direction. It would
instruct the jury, not on the consent to search, but the precursor question of whether Norton
was detained by police despite the officers not having a reasonable suspicion that
something out of the ordinary was happening. As noted above, Norton was entitled to an
Article 38.23 instruction if the evidence at trial raised a factual issue concerning whether
the evidence was obtained in violation of the federal Constitution or the Texas Constitution
or any of its laws. Bell v. State, 938 S.W.2d 35, 48 (Tex. Crim. App. 1996); Hamilton v.
State, 831 S.W.2d 326, 331 (Tex. Crim. App. 1992).

 The critical question is therefore whether Norton raised a fact issue about whether
he was detained, or seized (in the terminology of the Fourth Amendment). In that respect,
we have the previously discussed testimony by the officer, corroborated by the audiotape,
indicating Norton was told on several occasions he could leave and did not have to talk to
the officer. Against that, we have Norton's testimony that, in spite of the words actually
said, and even though there were no external factors of threat, he did not "feel" he could
actually leave, and that if he tried to leave he would be arrested. 

 Norton originally testified he was not told he could refuse to talk to the officers, but
modified his testimony after hearing the audiotape in which Bowen told Norton on several
occasions he could refuse to talk to him. Norton also testified that the officers never
explicitly told him he could walk away, but admitted that the officer had told him after the
dog sniffed the bags that he (Norton) could just sign a receipt and leave. 

 The question is whether this constitutes any evidence from which a reasonable
person would have concluded he or she was not free to decline the officer's requests or
otherwise terminate the encounter. The caselaw cited above unequivocally holds that an
officer may ask questions of any citizen, without the questioning constituting a seizure of
the person. The consistent testimony from all parties is that the officer told Norton clearly
on multiple occasions that Norton did not have to talk to him and that the officer was in
plain clothes without a visible weapon. There is no testimony about any objective factor
to suggest any degree of threat or coercion of Norton by the officer, and the cases reflect
that the mere presence of an officer (which is all that is shown by the testimony of any
party) does not constitute compulsion. In the absence of any evidence that could be said
to show coercion beyond the mere physical presence of the officer, we conclude that there
is no evidence to justify the requested instruction and that the trial court did not err by
refusing to submit the requested instruction to the jury. 


 We affirm the judgment.




 Donald R. Ross

 Justice


Date Submitted: December 12, 2002

Date Decided: December 23, 2002


Do Not Publish