Affirmed as Reformed and Memorandum Opinion filed July 19, 2007








Affirmed as Reformed and Memorandum Opinion filed July
19, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-00814-CR

NO. 14-06-00815-CR

_______________

 

BRIAN DESHUN HARRELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 262nd District Court

Harris County, Texas

Trial Court Cause Nos. 1065951,1082364  

                                                                                                                                               


 

M E M O R A N D U M    O P I N I O N








In two
charges tried in a single consolidated case, appellant Brian Deshun Harrell was
convicted of possession with intent to deliver a controlled substance and
evading arrest.  During voir dire, the trial court advised the venire panel
incorrectly regarding the range of punishment applicable to the possession
charge, and the misstatements were not corrected by defense counsel.  In
addition, the trial court granted the State=s motion to stack appellant=s sentences for the two convictions. 
Appellant asserts that the order cumulating his sentences is void and that the
trial court=s erroneous statements to the venire panel deprived him of due process
and a fair trial.  He further argues that he received ineffective assistance of
counsel during the jury selection process.  We modify the judgment to eliminate
the cumulation order, and affirm the judgment as modified.

I.  Factual and Procedural Background

According
to testimony presented at trial, Houston police officers heard a general
broadcast on April 20, 2006 that appellant was wanted for two felony warrants
and was driving an off-white Mitsubishi Galant toward the area the officers
were patrolling.  The police found the described vehicle parked and unoccupied,
and the officers waited until appellant returned and drove the vehicle away. 
Houston police officers testified that they followed and stopped Harrell, who
pointed to a parking spot and indicated that he would park his car there, but
instead sped away.  The State presented additional testimony that Harrell later
stopped the car and dropped plastic bags as he ran away.  Police retrieved the
bags and Harrell, and according to the evidence presented at trial, the bags
contained 716.7 grams of cocaine.  The jury convicted appellant of possession
of more than 400 grams of a controlled substance with intent to deliver, and
sentenced him to seventeen years= confinement for this offense.  In
addition, the jury convicted appellant of evading arrest and assessed
punishment at confinement for one year.  The trial court granted the State=s motion requiring appellant to serve
the sentences consecutively. 

II.  Issues Presented








Appellant
presents three issues for review.  First, he contends the trial court erred by
ordering him to serve his sentences consecutively rather than concurrently. 
Appellant next contends that, by incorrectly advising the venire panel of the
available range of punishment for the possession charge, the trial court
violated his fundamental state and federal rights to due process and a fair
trial.  Lastly, appellant argues that his trial counsel rendered ineffective
assistance of counsel by failing to inform the venire panel of the correct
range of punishment for possession of more than 400 grams of cocaine

III.  Analysis

A.        Improper Cumulation of
Sentences

If a
defendant is convicted of Amore than one offense arising out of the same criminal
episode prosecuted in a single criminal action,@ the sentences for the offenses must
run concurrently.[1]  Tex. Penal Code Ann. ' 3.03(a) (Vernon Supp. 2006).  In the
court below, the State argued that the charged offenses arose out of the same
criminal episode, and the two charges were tried in a single consolidated case
at the State=s request.  The State concedes that it would be inconsistent for it to
take a contrary position on appeal.  We therefore sustain appellant=s first issue.

B.        Qualification of Venire
Panel

The
trial court incorrectly informed the venire panel that the range of punishment
for possession of at least 400 grams of a controlled substance with intent to
deliver was Afrom ten years to life in the penitentiary, and up to a $10,000 fine@ and that if a defendant had a prior
final felony conviction, then the range of punishment Achanges to a minimum of 15 to life
and up to a $10,000 fine.@  In fact, a defendant=s first such offense is punishable by
imprisonment for Anot more than 99 years or less than 15 years, and a fine not
to exceed $250,000.@  Tex. Health &
Safety Code Ann. ' 481.112(f) (Vernon 2003).








After
they were incorrectly informed that the minimum sentence was ten years, three
veniremembers indicated that they could not consider the lower end of the
punishment range because it was too low.  Appellant=s defense counsel successfully moved
to strike each of these veniremembers for cause.  See Tex. Code Crim. Proc. Ann. art.
35.16(c)(2) (Vernon 2006).  

Here,
appellant argues that we must Atake notice of fundamental errors affecting substantial rights
although they were not presented to the court.  Jasper v. State, 61
S.W.3d 413, 420 (Tex. Crim. App. 2001).  However, fundamental errors are those
that Abear on the presumption of innocence
or vitiate the impartiality of the jury.@  Id. at 421.  Appellant
contends only that (a) the trial court=s misstatements deprived him of the
effective use of his challenges for cause and his peremptory challenges because
he may have struck a veniremember for cause based on information that the
veniremember could not consider a minimum sentence of ten years, but he would
have retained the same individual if the prospective juror could consider a
minimum sentence of fifteen years; and (b) he was Adeprived of a jury that was committed
to the true range of punishment@ that included a longer minimum sentence.

Appellant
does not argue that he would have retained any particular excused veniremember
in the absence of the incorrect instruction, and he cites no evidence in
support of his contention that either of the possible results he describes
constitutes reversible harm.  We therefore overrule appellant=s second issue.

C.        Ineffective Assistance of
Counsel

1.         Standard of Review








We review claims of ineffective assistance of counsel under
the standard set forth in Strickland v. Washington, 466 U.S. 668, 104 S.
Ct. 2052 (1984).  Under the Strickland test, an appellant must prove (1)
his trial counsel=s representation was deficient, and (2)
the deficient performance was so serious that it deprived the appellant of a
fair trial.  Id. at 687, 104 S. Ct. at 2064.  To establish both prongs,
the appellant must prove by a preponderance of the evidence that counsel=s representation
fell below the objective standard of prevailing professional norms, and there
is a reasonable probability that, but for counsel=s deficiency, the
result of the proceeding would have been different.  Id. at  690B94, 104 S. Ct. at
2066B68.  An appellant=s failure to
satisfy one prong makes it unnecessary for a court to consider the other prong.  Id. at 697,
104 S. Ct. at 2069.  This test is applied to claims arising under the Texas
Constitution as well as those arising under the United States Constitution.  Hernandez
v. State, 726 S.W.2d 53, 56B57 (Tex. Crim. App. 1986) (en banc).

Our
review of defense counsel=s performance is highly deferential, beginning with the
strong presumption that the attorney=s actions were reasonably
professional and were motivated by sound trial strategy.  Jackson v. State,
877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (en banc).  When the record is
silent as to trial counsel=s strategy, we will not conclude that defense counsel=s assistance was ineffective unless
the challenged conduct was A>so outrageous that no competent
attorney would have engaged in it.=@ Goodspeed v. State, 187
S.W.3d 390, 392 (Tex. Crim. App. 2005) (quoting Garcia v. State, 57
S.W.3d 436, 440 (Tex. Crim. App. 2001)).      

2.         Defense Counsel=s Failure to Advise Venire Panel of
Correct Range of Punishment








Here,
the record does not affirmatively demonstrate the alleged ineffectiveness and
is silent regarding defense counsel=s trial strategy.  See Thompson v.
State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).  Moreover, defense counsel=s performance was not so outrageous
that no competent attorney would have engaged in it.  See generally
Goodspeed, 187 S.W.3d 390 (holding that defense attorney=s failure to ask any questions during
voir dire and the exercise of two peremptory challenges on jurors who had
already been excused was not so outrageous that no competent attorney would
have engaged in it); Hardin v. State, 951 S.W.2d 208, 211 (Tex. App.CHouston [14th Dist.] 1997, no pet.)
(noting that an attorney=s decision to strike particular veniremembers is Ainherently strategic in nature@).  We will not speculate regarding
the reasons for defense counsel=s actions.  See Ex parte Varelas, 45 S.W.3d 627, 632
(Tex. Crim. App. 2001) (en banc).  Instead, we conclude that appellant has
failed to overcome the presumption that his attorney=s conduct  was reasonably
professional and motivated by sound strategy.  Accordingly, we overrule
appellant=s third issue.

IV.  Conclusion

Appellant
has failed to demonstrate that the trial court committed fundamental error
during voir dire or that he received ineffective assistance of counsel. 
However, because both of his convictions arose from the same criminal episode
and the offenses were tried together, we agree the trial court erred in
ordering that appellant serve his sentences consecutively. We therefore delete
the cumulation order from the trial court=s judgment and affirm the judgment as
modified.

 

 

/s/        Eva M. Guzman

Justice

 

Judgment rendered and Memorandum Opinion filed July
19, 2007.

Panel consists of Chief Justice Hedges and Justices
Hudson and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).

 









[1]  This rule is subject to exceptions not presented
here.