COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-351-CR

MARK WORKMAN APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 235TH
 DISTRICT COURT OF COOKE COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)
 

------------

I.  Introduction

Appellant Mark Wayne Workman appeals his thirty-year sentence and conviction for manufacture of methamphetamine in an amount of 400 grams or more.  In one point, Workman complains that the trial court erred by denying his motion to suppress.  We will affirm.

II.  Factual and Procedural Background

During the pretrial hearing on Workman’s motion to suppress, Cooke County Sheriff Deputy Greg Taylor testified that on January 24, 2005, he received a text message from an informant named Jeni Jones who stated that she was at Workman’s house with “really smelly odors.”  After Deputy Taylor received two or three text messages within ten or fifteen minutes from Jones, he contacted Deputy Shane Norie, a narcotics investigator, because Deputy Taylor believed that the crime of manufacturing methamphetamine was being committed.  

Deputy Norie also testified at the pretrial hearing on Workman’s motion to suppress.  He stated that meth labs pose a danger of explosion and that his concern is destruction of the evidence.  So after receiving the call from Deputy Taylor regarding a possible meth lab, Deputy Norie went to Workman’s residence.  

When Deputy Norie exited his car and walked up to Workman’s front porch, he noticed a chemical smell, which he associated with the manufacture of methamphetamine.  Deputy Norie knocked on the front door, and Jones opened the door and pointed to the back of the residence where the master bedroom and bathroom were located.  Once inside the residence, Deputy Norie detected that the odor was stronger and saw a person at the other end of the house.  Deputy Norie handed that person off to another deputy.  In the bathroom in plain view, Deputy Norie discovered a meth lab, which consisted of glass jars and vials, a space heater, and a hot plate.  Deputy Norie found Workman in the shower, got him dressed, took him outside, and ventilated the area.  Deputy Norie admitted that he did not get a warrant because of the time constraints. 

At the conclusion of the testimony, Workman argued that the warrantless search of his residence violated his rights under the Texas and United States Constitutions and requested that everything obtained by the deputies as a result of the search be suppressed.
(footnote: 2)  Thereafter, the trial court denied the motion to suppress and agreed to draft findings of fact and conclusions of law.  Within the findings of fact and conclusions of law, the trial court stated that it found Deputy Norie’s testimony to be credible and that exigent circumstances existed which reasonably excused Norie from delaying a search in order to obtain a warrant. 

During the trial, Deputy Norie testified without objection about finding a jar, a space heater, and a dual burner in the bathroom.  Deputy Norie also testified that he saw jars, bowls, a hot plate, a space heater, spoons, and Coleman fuel.  Deputy Norie mentioned that he took photographs of this evidence, and the State offered these photographs into evidence as State’s exhibits two through sixteen.  Workman’s counsel responded, “Your Honor, we have absolutely no objection to State’s 2 through 16 inclusive, Your Honor.”   At the conclusion of the trial, the jury found Workman guilty of the offense of manufacture of methamphetamine in an amount of 400 grams or more as alleged in the indictment.  The trial court sentenced Workman to thirty years’ confinement, and this appeal followed. 

III.  Waiver

In his sole point, Workman argues that the trial court erred by denying his motion to suppress the evidence found at his residence.  The State responds that Workman waived any error when he stated that he had “absolutely no objection” to the State’s introduction of the evidence during the trial. 

To preserve a complaint for our review, a party must have presented to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling if they are not apparent from the context of the request, objection, or motion.  
Tex. R. App. P.
 33.1(a)(1); 
Mosley v. State
, 983 S.W.2d 249, 265 (Tex. Crim. App. 1998) (op. on reh’g), 
cert. denied, 
526 U.S. 1070 (1999).
  When a pretrial motion to suppress is denied, the accused need not object to the admission at trial.  
Moraguez v. State
, 701 S.W.2d 902, 904 (Tex. Crim. App. 1986).  However, when an accused affirmatively asserts during trial that he has “no objection” to the admission of the complained-of evidence, he waives any error in the admission of the evidence despite the pretrial ruling.  
See
 
Dean v. State
, 749 S.W.2d 80, 83 (Tex. Crim. App. 1988).

In this case, Workman initially preserved error at the pretrial suppression hearing.  However, during the trial, Workman’s counsel specifically stated that he had “absolutely no objection to State’s 2 through 16 inclusive,” which were photographs depicting the evidence seized from Workman’s residence. Consequently, Workman’s statement—that he had no objection to having the evidence from the suppression hearing admitted during the trial—affirmatively waived any error.  
See
 
Dean
, 749 S.W.2d at 83 (holding that issue had not been preserved for appellate review because defense counsel specifically stated that defense had no objection to admission of fingerprint evidence); 
McGrew v. State
, 523 S.W.2d 679, 681 (Tex. Crim. App. 1975) (holding that appellant waived review of admissibility of items seized during warrantless search of trunk because, after losing at suppression hearing, defense counsel expressly stated “we don’t have any objections” when the State offered the same evidence at trial); 
Hardin v. State
, 951 S.W.2d 208, 210 (Tex. App.—Houston [14th Dist.] 1997, no pet.) (despite adverse ruling on pretrial motion to suppress, appellant waived error in admission of cocaine by stating he had no objections when prosecutor offered cocaine into evidence at trial); 
Espinosa v. State
, No. 08-02-00214-CR, 2004 WL 1375380, at *1-2 (Tex. App.—El Paso June 17, 2004, pet. ref’d) (mem. op.) (not designated for publication) (holding that appellant affirmatively waived any error initially preserved at pretrial hearing on motion to suppress by stating “no objection” when State offered drug paraphernalia and prescription bottles into evidence at trial).  Therefore, we overrule Workman’s sole point, which was not preserved for appellate review.
(footnote: 3) 

IV.  Conclusion

Having overruled Workman’s sole point, we affirm the trial court’s judgment.

SUE WALKER

JUSTICE

PANEL B:  LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P. 47.2(
b)

DELIVERED: September 27, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
During Workman’s argument, the State interjected, “Judge, we’re not arguing there was any consent.  We don’t have to hear an argument responding to that issue.” 

3:
Even if the suppression issue had been preserved, we would have concluded that the trial court did not abuse its discretion by denying Workman’s motion to suppress based on the exigent circumstances doctrine.  
See Gutierrez v. State
, 221 S.W.3d 680, 686 (Tex. Crim. App. 2007) (holding that law enforcement is authorized to take reasonable steps to secure the status quo when confronted with an urgency that requires immediate police action and does not allow for the procurement of a warrant); 
see also Illinois v. McArthur
, 531 U.S. 326, 331-32, 121 S. Ct. 946, 950 (2001) (discussing exigent circumstances).