**AFFIRM; and Opinion Filed November 21, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00222-CR

**MICKEY JOE GRIFFIS, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 15th Judicial District Court**
**Grayson County, Texas**
**Trial Court Cause No. 067998**

## MEMORANDUM OPINION

Before Justices Myers, Evans, and Brown
Opinion by Justice Brown

Following a jury trial, Mickey Joe Griffis appeals convictions for two counts of possession with intent to deliver a controlled substance. In three issues, appellant contends the trial court erred in denying his motion to suppress and in failing to find the State committed a *Brady* violation and contends he was denied effective assistance of counsel. We affirm.

The indictment alleged that appellant intentionally or knowingly possessed, with intent to deliver, heroin in an amount of one gram or more but less than four grams and methamphetamine in an amount of four grams or more but less than 200 grams. The indictment also contained punishment enhancement paragraphs, which alleged appellant had two prior felony drug convictions. Prior to trial, appellant moved to suppress evidence resulting from a warrantless search of his trash can. After a hearing, the trial court denied the motion, and the case proceeded

to a jury trial. The jury found appellant guilty. It also found that the allegations in the first enhancement paragraph were true and assessed appellant's punishment for each offense at life imprisonment and a $7500 fine.

In his first issue, appellant contends the trial court erred in denying his motion to suppress. He asserts the search of his trash can violated the Fourth Amendment. We disagree.

At the suppression hearing, William May, a narcotics investigator with the Grayson County Sheriff's Office, testified that on the morning of January 13, 2017, he saw appellant come out of his house and roll a green trash can to the front of his residence and place it "on the roadway." Appellant went back inside, but left in his car a short time later. May believed the trash can was sitting on a public roadway and that appellant placed the trash out to be picked up by a trash service. May believed appellant had abandoned the property and that it was okay for him to remove the trash from the container. May found baggies and syringes in appellant's trash. Based in part on those items, May obtained a search warrant for appellant's property. He executed the warrant and recovered narcotics.

May photographed the trash can as it stood when he searched it on January 13, 2017, and his photograph was admitted into evidence at the hearing. The photograph shows the location of appellant's trash can relative to his house. May testified the picture showed the trash can sitting in the roadway on top of asphalt. On cross-examination, he stated he did not know where appellant's property line ended.

The only evidence presented by appellant at the hearing was a different photograph of his property, also admitted during May's testimony. Defendant's Exhibit 1 does not show appellant's house, but shows his driveway and front yard. The trash can is not in the picture. Appellant argued his photograph showed that his yard extended beyond the location of the trash can when it was

searched. He therefore argued the trash can sat on his private property and that he had a reasonable expectation of privacy in it. The trial court denied the motion to suppress.

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Love v. State*, 543 S.W.3d 835, 840 (Tex. Crim. App. 2016). We give almost total deference to the trial court's determination of historical facts, and we conduct a de novo review of the trial court's application of the law to those facts. *Id.* Appellate courts may review the legal significance of undisputed facts de novo. *Robinson v. State*, 377 S.W.3d 712, 723 (Tex. Crim. App. 2012). Because the resolution of this case presents us with a question of law based on undisputed facts, we conduct a de novo review.

A defendant who challenges a search has the burden of proving facts demonstrating a legitimate expectation of privacy. *State v. Betts*, 397 S.W.3d 198, 203 (Tex. Crim. App. 2013). He must show he had a subjective expectation of privacy in the place invaded and that society is prepared to recognize that expectation of privacy as objectively reasonable. *Id.* The United States Supreme Court has held that a claim to an expectation of privacy in trash left for collection in an area accessible to the public is one that society would not accept as reasonable. *California v. Greenwood*, 486 U.S. 35, 41 (1988). Thus, the Fourth Amendment does not prohibit the warrantless search and seizure of garbage left for collection outside the curtilage of the home. *Id.*; *Nilson v. State*, 106 S.W.3d 869, 873 (Tex. App.—Dallas 2003, no pet.).[1] In *California v. Greenwood*, the Supreme Court noted that Greenwood placed his refuse at the curb for the express purpose of conveying it to a third party, the trash collector, who might himself have sorted through the trash or permitted others, such as the police to do so. *Greenwood*, 486 U.S. at 40. Accordingly, having deposited his garbage "in an area particularly suited for public inspection and, in a manner

---

[1] "Curtilage is the area to which extends the intimate activity associated with the sanctity of a man's home and the privacies of life." *Nilson*, 106 S.W.3d at 873–74 (quoting *Oliver v. United States*, 466 U.S. 170, 180 (1984)). This Court has noted that after *Greenwood*, courts have overwhelmingly held that whether the garbage is located within the home's curtilage is not the determining factor. *Nilson*, 106 S.W.3d at 873.

of speaking, public consumption, for the express purpose of having strangers take it . . . [Greenwood] could have had no reasonable expectation of privacy in the inculpatory items that [he] discarded." *Id.* at 40–41. And this Court has held that once a person places his trash in the location for pickup by the trash collectors, where it is accessible to the public and likely to be viewed by the public, he no longer has an objectively reasonable expectation of privacy in the trash. *Nilson*, 106 S.W.3d at 874; *see Gabriel v. State*, 290 S.W.3d 426, 432 (Tex. App.—Houston [14th Dist.] 2009, no pet.) (defendant left garbage on curb and did not go to any lengths to protect privacy of trash that would distinguish situation from *Greenwood*).

Here, Investigator May's photograph shows appellant's trash can at the end of his driveway. As May testified, it appears to be in the road.[2] Appellant put his trash in the location to be picked up by trash collectors. The trash was accessible to and likely to be viewed by the public. Appellant attempts to distinguish *Greenwood* and *Nilson* by arguing that his trash can was on his private property rather than the public roadway. But regardless of whether the trash was on public or private property, the evidence is undisputed that appellant placed his trash in a location where it was to be picked up by trash collectors. As such, he no longer had an objectively reasonable expectation of privacy in the trash. The trial court properly denied appellant's motion to suppress. We overrule appellant's first issue.

Appellant's third issue is related to the search of the trash can. He contends he was denied effective assistance of counsel because his attorney did not request a jury instruction under article 38.23 of the code of criminal procedure about the legality of the search. Appellant maintains the jury should have been given the option of disregarding the evidence obtained as a result.

Article 38.23 provides that no evidence obtained in violation of the Constitution or laws of the United States or Texas may be admitted against the accused in a criminal case. TEX. CODE

---

[2] Appellant's trash can is on the far left edge of the photograph taken by May and not all of the can or the road is pictured.

CRIM. PROC. ANN. art. 38.23(a); *Hamal v. State*, 390 S.W.3d 302, 306 (Tex. Crim. App. 2012). If a fact issue is raised about whether evidence was unlawfully obtained, a defendant is entitled to an instruction that requires the jury to disregard evidence that it finds was obtained in violation of the law. *Hamal*, 390 S.W.3d at 306. To be entitled to an article 38.23 jury instruction, (1) the evidence heard by the jury must raise an issue of fact, (2) the evidence on that fact must be affirmatively contested, and (3) the contested factual issue must be material to the lawfulness of the challenged conduct. *Id.* A defendant is entitled to an instruction under article 38.23 only when the record demonstrates a factual dispute concerning how the evidence was obtained. *Thomas v. State*, 723 S.W.2d 696, 707 (Tex. Crim. App. 1986); *Hardin v. State*, 951 S.W.2d 208, 211 (Tex. App.—Houston [14th Dist.] 1997, no pet.).

Appellant asserts there is conflicting testimony as to the exact location of his trash can when it was searched. He again argues there is a fact issue about whether the trash can was on public or private property. In his brief, he cites May's testimony at the suppression hearing that he did not know where appellant's property line ended. In resolving this issue, however, we look not to the evidence at the suppression hearing, but instead to whether the evidence before the jury raised a fact issue. *See Hamal*, 390 S.W.3d at 306. Appellant does not cite any conflicting evidence before the jury about the location of his trash can. There was no factual dispute at trial about the location of the trash can when it was searched. The defense did not present any witnesses or other evidence. Investigator May testified before the jury that he saw appellant roll his trash can to the roadway and place it "on the roadway." Sergeant Joe Ross was with May on the day in question. He also saw appellant roll his trash container out to the street. The jury had before it May's photograph of the location of the trash can. The question of whether a search of the can in that location was lawful is a purely legal question. Because there is no factual dispute about the

circumstances under which the search of the trash can occurred, appellant was not entitled to an instruction under article 38.23.

To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice. *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018); *see Strickland v. Washington*, 466 U.S. 668, 694 (1984). Because appellant was not entitled to an article 38.23 instruction, his counsel's performance cannot be considered deficient for failing to request one. *See Hardin v. State*, 951 S.W.2d 208, 211 (Tex. App.—Houston [14th Dist.] 1997, no pet.); *see also Ex parte Chandler*, 182 S.W.3d 350, 356 (Tex. Crim. App. 2005) ("Requesting a jury instruction to which one is not legally entitled, merely for the sake of making the request, is not the benchmark for a competent attorney."). We overrule appellant's third issue.

In his second issue, appellant contends the trial court erred in failing to find that the State violated *Brady v. Maryland*. He asserts the State did not produce evidence that several people were searched upon leaving appellant's house. According to appellant, these people did not possess illegal narcotics and this evidence tended to show appellant lacked an intent to deliver.

Just prior to jury selection, defense counsel informed the trial court he had learned from appellant that while appellant's house was under surveillance, law enforcement stopped several people who had been to his house to inquire whether they were buying narcotics from appellant. Appellant believed the Tom Bean Police Department made the stops. Appellant had a couple of last names of the people stopped, but mostly just first names, and did not have enough information to locate the individuals. Defense counsel also indicated he had some telephone numbers. He asked for the opportunity to call the numbers and conduct some research. Appellant argued it was a *Brady* violation "to the extent that the information wasn't turned over to us in a timely manner to be able to subpoena these persons for trial."

The prosecutor responded that he had spoken that morning to Investigator May and two others from the Grayson County Sheriff's Office. They reported "no incidents of any traffic stops conducted by them in any coordinated fashion of any people leaving [appellant's] house." The prosecutor also spoke to the chief of the Tom Bean Police Department. The police chief looked for incident reports related to appellant's address. There was only one, and it was a "noise complaint or some disturbance."

Appellant did not specifically ask for a continuance or any other remedy or a ruling at that time. The trial court indicated the State did not have an obligation to produce something it is being told does not exist, and the proceedings continued.

Appellant raised the *Brady* issue again at a hearing on his motion for new trial. He argued that either people were questioned and reports were made that no narcotics were found and appellant did not receive the reports, or people leaving the house were not questioned, which shows law enforcement never believed appellant was delivering narcotics. The trial court denied appellant's motion for new trial.

We review a trial court's ruling on a motion for new trial for an abuse of discretion. *State v. Herndon*, 215 S.W.3d 901, 907 (Tex. Crim. App. 2007). A *Brady* violation occurs when the State suppresses, willfully or inadvertently, evidence favorable to the defendant. *Harm v. State*, 183 S.W.3d 403, 406 (Tex. Crim. App. 2006); *see Brady v. Maryland*, 373 U.S. 83, 87 (1963); *see also* TEX. CODE CRIM. PROC. ANN. art. 39.14(h). Prosecutors have a duty to learn of *Brady* evidence known to others acting on the State's behalf in a particular case. *Harm*, 183 S.W.3d at 406. *Brady* does not require prosecutors to disclose exculpatory information that the State does not have in its possession and that is not known to exist. *Pena v. State*, 353 S.W.3d 797, 810 (Tex. Crim. App. 2011); *Harm*, 183 S.W.3d at 407. Similarly, the State does not have a duty to disclose

if the defendant was actually aware of the exculpatory evidence or could have accessed it from other sources. *Pena*, 353 S.W.3d at 810.

There can be no *Brady* violation without suppression of favorable evidence. *Harm*, 183 S.W.3d at 406. Appellant did not meet his burden to establish that the State suppressed favorable evidence. To the extent the evidence can be considered favorable to him, appellant has not shown that the State possessed the evidence or that the evidence even existed. Appellant's *Brady* claim is purely speculative, as demonstrated by his argument at the motion for new trial hearing. He argued two alternative scenarios — either law enforcement questioned people leaving appellant's house and made reports that no narcotics were found or law enforcement did not question people leaving the house. Again, *Brady* does not require prosecutors to disclose exculpatory information that the State does not have in its possession and that is not known to exist. *See Pena v. State*, 353 S.W.3d at 810; *Harm*, 183 S.W.3d at 407; s*ee also Allen v. State*, 473 S.W.3d 426, 457 (Tex. App.—Houston [14th Dist.] 2015) (speculation about the existence, contents, favorability and usefulness of offense reports does not establish *Brady* materiality), *pet. dism'd*, 517 S.W.3d 111 (Tex. Crim. App. 2017). Further, to the extent any favorable evidence was shown to exist, appellant was aware of it. The trial court did not abuse its discretion in denying appellant's motion for new trial. We overrule appellant's second issue.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).

180222F.U05

–8–



# Court of Appeals
# Fifth District of Texas at Dallas
## JUDGMENT

MICKEY JOE GRIFFIS, Appellant

No. 05-18-00222-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 15th Judicial District
Court, Grayson County, Texas
Trial Court Cause No. 067998.
Opinion delivered by Justice Brown,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 21st day of November, 2018.