**Catherine Lucille BARNES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 47753, 47754.**

Court of Criminal Appeals of Texas.

Dec. 19, 1973.

Tom A. Boardman, Dallas, for appellant.

Henry Wade, Dist. Atty., and John H. Hagler, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Buddy Stevens, Asst. State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense in both appeals is sale of heroin; the punishment, set by the trial court, thirty (30) years in each case.

Appellant raises two grounds of error which relate to both appeals.

The evidence, in a light most favorable to the verdict, established that a Dallas undercover police officer purchased heroin on two separate occasions from appellant.

■ In ground of error number one appellant complains of the failure of the trial court to grant a mistrial because of a prejudicial hearsay statement made by one of the State's witnesses. During the direct examination by the State of Undercover

Officer Womack, the following exchange took place:

"Q [by prosecutor]: If you could, tell us where Catherine Lucille Barnes was when you first saw her?

"A [by witness Womack]: She was standing over at the front of the first section of the motel by a light-post. She was standing there with a couple more people.

"Q: Couple more men or women?

"A: Men.

"Q: Were they white men or black men?

"A: Black.

"Q: What did you do when you saw her?

"A: Well, when I got out of my car, I was talking to a guy that was standing up by where I had parked, and I asked him if he knew a girl by the name of Catherine. He thought for a while and said, 'Are you talking about that cat that sell that shit.' That's what he said."

The trial court sustained an objection that this testimony amounted to hearsay, instructed the jury to disregard, but overruled a motion for mistrial.

In White v. State, Tex.Cr.App., 444 S. W.2d 921, this Court said:

"An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdraw-ing the impression produced on their minds . . ."

We are unable to hold that the hearsay testimony given by the officer was so prejudicial that it could not be cured by the court's instructions. In a similar situation in Sanchez v. State, Tex.Cr.App., 468 S. W.2d 814, where a police officer injected a hearsay statement that the defendant was a heroin dealer, this Court held that the trial court's instructions cured the error.

Ground of error number one is overruled.

In ground of error number two, appellant contends that the trial court should have granted a mistrial because of a prejudicial side bar remark of the prosecutor.

Following the testimony set out above and the instructions of the trial court, the prosecutor made this statement:

"Prosecutor: Officer Womack, if you would, just answer as shortly as you can, and concisely with the questions I ask you, and as you know, we *can't go into things that other people told you even though they are true*." [Emphasis Added]

Appellant complains of the italicized portion of the statement. The trial court sustained an objection to the statement, admonished the prosecutor, and instructed the jury to disregard, but overruled a motion for mistrial.

While this comment of the prosecutor should never have been made, we must nevertheless determine if the above statement, standing alone, constitutes reversible error in the face of the prompt and proper action by the trial court. We cannot conclude that it does.

Finding no reversible error, the judgments are affirmed.