Sean ST. PETER, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–90–309–CR.

Court of Appeals of Texas,
Corpus Christi.

June 18, 1991.

Michael D. George, Mark H. Woerner, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., John Rosenkild, Asst. Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and HINOJOSA and DORSEY, JJ.

## OPINION

HINOJOSA, Justice.

The trial court found appellant guilty of indecency with a child and assessed his

punishment at twenty years' confinement. Appellant raises two points of error, contending that the indictment failed to allege an essential element of the offense and that he did not receive effective assistance of counsel. We AFFIRM the trial court's judgment.

By his second point of error, appellant argues that his indictment was fundamentally defective for failing to allege that appellant engaged in sexual contact with the child. Appellant did not object to the indictment before the date of trial, thus waiving any complaint. *See Ex parte Morris,* 800 S.W.2d 225, 227 (Tex.Crim.App. 1990); *Ex parte Gibson,* 800 S.W.2d 548, 551 (Tex.Crim.App.1990); *Rodriguez v. State,* 799 S.W.2d 301, 303 (Tex.Crim.App. 1990); *Studer v. State,* 799 S.W.2d 263, 273 (Tex.Crim.App.1990).

Moreover, the argument is without merit. Appellant complains that the indictment failed to include the words, "engaged in sexual contact." The indictment specified that appellant did "touch the genitals" of the victim. That language is an incorporation of the definition of "sexual contact" contained in Tex. Penal Code Ann. § 21.-01(2) (Vernon 1989). *Larson v. State,* 759 S.W.2d 457, 462 (Tex.App.—Houston [14th Dist.] 1988, pet. ref'd), *cert. denied,* 490 U.S. 1008, 109 S.Ct. 1646, 104 L.Ed.2d 161 (1989); *motion for reh'g. denied,* 490 U.S. 1085, 109 S.Ct. 2112, 104 L.Ed.2d 672 (1989). Thus, the indictment properly alleged the offense. We overrule point two.

By point one, appellant claims he did not receive effective assistance of counsel. Appellant argues that his court-appointed attorney failed to investigate the voluntariness of his confession, failed to object to its admission or attempt to suppress it, and failed to call a particular witness. Appellant urged these matters in his motion for new trial, which the trial court overruled.

To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App.1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987); *Mowbray v. State,* 788 S.W.2d 658, 670 (Tex.App.—Corpus Christi 1990, pet. ref'd). To obtain a reversal based on ineffective assistance of counsel, a defendant must show reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Hernandez v. State,* 726 S.W.2d 53, 55 (Tex.Crim.App.1986); *Mowbray,* 788 S.W.2d at 670. We judge the adequacy of assistance of counsel by the totality of the representation rather than by counsel's isolated acts or omissions. *Ex parte Welborn,* 785 S.W.2d 391, 393 (Tex.Crim.App.1990); *Ex parte Guzmon,* 730 S.W.2d 724, 733 (Tex.Crim.App. 1987); *Mowbray,* 788 S.W.2d at 670. We apply the test as of the time of trial and not through hindsight. *Wilkerson v. State,* 726 S.W.2d 542, 548 (Tex.Crim.App. 1986), *cert. denied,* 480 U.S. 940, 107 S.Ct. 1590, 94 L.Ed.2d 779 (1987). We do not reverse over choices of trial strategy. *See Navejar v. State,* 730 S.W.2d 121, 125 (Tex. App.—Corpus Christi 1987, pet. ref'd).

The twelve-year-old victim testified at trial that appellant had touched her three or four times before, that he had touched her between her legs, that he had put his hands down her pants, and the last time he had touched her, on her butt, she threw the remote control at him, ran outside, and called her mother from a friend's across the street. The State introduced a confession, but appellant contended at trial that it was not voluntary. He testified that he was intoxicated, that he had no Miranda warnings, and that the detective did not listen to him but wrote what the detective wanted to write. Among other things, the confession stated that on several occasions, appellant "grabbed [the victim] on her rear end in an inappropriate manner." He testified that he had told that to the detective.

Appellant testified at the hearing on his motion for new trial that he had asked his attorney to subpoena Crystal Davis, the victim's cousin and playmate, as a witness who he expected to testify that the victim had lied. He testified that his attorney told him it would be fruitless to subpoena her, as it was hearsay, and that his wife had listened to the conversation. Appellant's

wife testified that she did hear such a conversation, but she could not recall whether it was before or after the trial.

Appellant called Crystal Davis and her mother. The mother recounted an incident in which Crystal had told her that appellant molested the victim while she and the victim were in the shower, but later said the victim had told her to say it. Then Crystal testified that the victim had told her to make up a story about the victim and appellant in the shower, and it was a lie. The testimony had nothing to do with the incident alleged in this case, which did not take place in a shower.

Appellant has not shown that his attorney's failure to call Crystal Davis or to challenge the introduction of the confession would have in reasonable probability affected the outcome of the trial. Without the confession, the victim's testimony was sufficient to support the conviction. Moreover, the trial court heard appellant's explanation, and is presumed to disregard improper evidence. Crystal's testimony did not concern the incident for which appellant was convicted. The attorney could have investigated and made a tactical decision not to call her. We have examined totality of the representation as shown by the record and decline to find it inadequate. We overrule point one.

We affirm the trial court's judgment.