

# NUMBER 13-09-00247-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI-EDINBURG

J.W. TATE,                                                             Appellant,

v.

THE STATE OF TEXAS,                                          Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas

## MEMORANDUM OPINION

### Before Justices Garza, Vela, and Perkes
### Memorandum Opinion by Justice Perkes

A jury found appellant guilty of aggravated sexual assault of a child and the trial court assessed punishment at seventy-five years' confinement.  By four issues, appellant asserts on appeal:  (1) ineffective assistance of counsel; (2) prosecutorial

misconduct; (3) his waiver of a mistrial was not voluntary, free and knowing; and (4) the jury charge was fundamentally defective. We affirm.[1]

## I. BACKGROUND

Appellant was charged with one count of aggravated sexual assault. The indictment included an enhancement paragraph alleging appellant was previously convicted of felony possession of a controlled substance.

E.D.'s mother, Franchela Davis, was dating appellant at the time of the underlying assault. Appellant went to Davis' residence around 2:00 a.m. to ask her to call for an ambulance because his jaw was out of position. Appellant appeared to be in pain and intoxicated. Davis left the apartment to use an outside telephone to call for an ambulance.

Davis' eight year old daughter ("E.D.") was sleeping with her sister on the couch. E.D. woke up when appellant placed his hand on her "private part." Appellant, who was in his underwear, removed E.D.'s shorts and stuck his "thing" in her "private part." E.D.'s sister did not wake up. Appellant then told E.D. to go to the kitchen and lie down on the floor, which she did. Appellant got on top of E.D. and again put his "thing" in her "private part," which hurt E.D. When he finished, appellant told E.D. not to tell anyone. On the way back from the kitchen, E.D. saw Davis, who told her to go to bed.

When Davis next saw appellant, he was stripped to his underwear. Appellant told Davis that he woke up E.D. "to help with his jaw." Appellant got dressed and left

---

[1] The Texas Court of Criminal Appeals heard the matter upon an Application for Writ of Habias Corpus and granted an out-of-time appeal, thereby allowing appellant to pursue this appeal. *Ex Parte J. W. Tate*, No. AP-76,108 (Tex. Crim. App., March 11, 2009) (available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=265998) (not designated for publication).

with the ambulance. Medical records indicate appellant was treated for a dislocated jaw at Spohn Memorial Hospital.

Carol McLaughlin, a sexual assault nurse examiner, examined E.D. at Driscoll Children's Hospital. She observed an injury to E.D.'s vaginal area consistent with the history she was given. The medical records quoted E.D.'s history: "My mom's boyfriend woke me up. He put his thing (patient points to genital area) in there (indicates female sexual organ by pointing). He put it in, in the kitchen and he put it in on the couch. It hurt." Ms. McLaughlin testified E.D.'s injury was probably caused by a "bad landing," which is what happens "when the person assaulting hits too low, instead of hitting the hole, so that the skin will take all the trauma of the hit and will cause it to tear."

Lora Lassiter, a detective with the Family Violence Unit of the Corpus Christi Police Department, arranged for E.D.'s interview at the Children's Advocacy Center. Detective Lassiter also interviewed appellant, who denied the allegations. Appellant was arrested and charged with aggravated sexual assault of a child as a repeat offender.

A jury found appellant guilty of aggravated sexual assault of a child, and the trial court sentenced him to seventy-five years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## II. ANALYSIS AND DISCUSSION

### A. Was Appellant's Trial Counsel Ineffective?

Appellant complains his trial counsel was ineffective in four areas: (1) failing to object or request instructions to disregard the prosecutor's improper reading of the

3

enhancement paragraph; (2) failing to object or request instructions to disregard improper testimony that appellant was offered a polygraph examination; (3) failing to object to an extraneous charge under Texas Rule of Evidence 404(b); and (4) failing to present exculpatory evidence.

To establish ineffective assistance of counsel, appellant must show: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different. *See Strickland v. Washington,* 466 U.S. 668, 687 (1984); *Dewberry v. State,* 4 S.W.3d 737, 757 (Tex. Crim. App. 1999). Whether this test has been met is to be judged on appeal by the totality of representation, not by isolated acts or omissions. *Rodriguez v. State*, 899 S.W.2d 658, 665 (Tex. Crim. App. 1995). Isolated failures to object generally do not constitute error in light of the sufficiency of the overall representation. *Johnson v. State*, 691 S.W.2d 619, 627 (Tex. Crim. App. 1984).

Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State,* 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). A reviewing court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*, 466 U.S. at 689. The right to reasonably effective assistance of counsel does not guarantee errorless counsel or counsel whose competency is judged by perfect hindsight. *Saylor v. State,* 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).

4

Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable. *Strickland,* 466 U.S. at 690. A reviewing court will not second-guess legitimate strategic or tactical decisions made by counsel in the midst of trial, *Williams v. State,* 301 S.W.3d 675, 687 (Tex. Crim. App. 2009), nor will this Court reverse over choices of trial strategy. *St. Peter v. State,* 811 S.W.2d 729, 730 (Tex. App.–Corpus Christi 1991, no pet.). However, a reviewing court can determine whether a specific act or omission was outside the range of professionally competent assistance. *Ex parte Ellis,* 233 S.W.3d 324, 330 (Tex. Crim. App. 2007). Even unsuccessful trial strategies that have been described as "perhaps highly undesirable" and "undoubtedly risky" have nonetheless been upheld as not unreasonable according to prevailing professional norms. *Id.* at 331.

### 1. Reading of Enhancement Paragraph

Appellant argues trial counsel was ineffective because he failed to object or request instructions to disregard the prosecutor's purportedly improper reading of the enhancement paragraph. Texas Code of Criminal Procedure article 36.01(a)(1) provides:

(a) a jury being impaneled in any criminal action . . . the cause shall proceed in the following order:

> (1) The indictment or information shall be read to the jury by the attorney prosecuting. When prior convictions are alleged for purposes of enhancement only and are not jurisdictional, that portion of the indictment or information reciting such convictions shall not be read until the hearing on punishment is held as provided in Article 37.07. . . .

The Texas Court of Criminal Appeals has held that violation of this provision will result in reversal. *Frausto v. State*, 642 S.W.2d 506, 508 (Tex. Crim. App. 1982).

5

However, errors resulting from a violation of this provision can be waived. *Cox v. State*, 422 S.W.2d 929, 930 (Tex. Crim. App. 1968) (absent an objection, a violation of article 36.01 is waived). Moreover, the failure to object to a prosecutor's reading of an enhancement paragraph does not necessarily constitute ineffective assistance of counsel. *Hardin v. State*, 951 S.W.2d 208, 211 (Tex. App.--Houston [14th Dist.] 1997, no pet.)(appellant's attorney may have declined to object to reading of the enhancement paragraphs in an attempt to avoid calling further attention to appellant's prior convictions); *Oliva v. State*, 942 S.W.2d 727, 733 (Tex. App.--Houston [14th Dist.] 1997), *pet. dism'd*, 991 S.W.2d 803 (Tex. Crim. App. 1998)(counsel's failure to object to prosecutor's alleged misstatement regarding appellant's prior conviction may have been trial strategy to avoid overemphasizing prior conviction). Rather, a reviewing court must look, with a highly deferential eye, at the totality of counsel's representation to determine whether the *Strickland* standard has been met, making reasonable allowances for counsel's trial strategy. *Hardin*, 951 S.W.2d at 211.

Appellant's trial counsel testified at the hearing on appellant's motion for new trial that there were three reasons for not objecting at trial: (1) outcry witnesses who would be detrimental to appellant's case were not available to testify at his current trial, but could become available to testify at a later trial; (2) trial counsel observed the jury was not paying attention to the reading of the enhancement paragraph, and even if they heard it, the conviction pertained to a drug case, and not to sexual assault of a child[2]; and (3) the jury looked to be fair, particularly because a black person was on the jury. Trial counsel testified that even in hindsight, he would have chosen the same strategy.

---

[2] Appellant also had a prior conviction for aggravated assault which was not included in the enhancement paragraph. Trial counsel testified that had the prosecutor read that conviction to the jury, he would have asked for a mistrial.

6

Immediately after the prosecutor read the enhancement paragraph, appellant was given an opportunity to meet with his trial counsel and co-counsel to discuss this matter. Appellant's counsel thereafter announced, out of the jury's presence:

> I've discussed this matter with the Defendant . . . other matters that indicates that going at this time might be more in the Defendant's best interest such as the possible absence of a prosecution witness due to health reasons and the fact that we feel we've gotten a very fair-looking jury, that it may be a bit of unusual decision but for tactical reasons we've decided we are not going to ask for a mistrial and we're prepared to proceed at this time.

The trial court then asked appellant: "Are you telling the Court through your lawyer that you understand and you want to waive or give up the fact that you're entitled to a mistrial and go forward?" Appellant answered, "yes." Based upon this trial record, we do not believe appellant received ineffective assistance of counsel in this respect.

### 2.    Witness' Unsolicited Reference to a Polygraph Exam

Appellant argues his trial counsel was ineffective by failing to object to and ask for a limiting instruction regarding a polygraph exam. He argues the prosecutor's question implied either that appellant took the test and failed it, or that he refused it to hide his guilt, and that the line of questioning was a comment on appellant's right to remain silent and improperly bolstered the witness' testimony.

In order to successfully argue a trial counsel's failure to object to the State's questioning amounted to ineffective assistance of counsel, appellant must show the trial court would have committed error in overruling such an objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); *see also Gee v. State*, No. 01-07-00068-CR, 2007 Tex. App. LEXIS 9811 (Tex. App.–Houston [1st Dist.] Dec. 13, 2007, pet. ref'd)(mem. op., not designated for publication). Even if the evidence could be excluded

7

on some basis, trial counsel may have a sound strategy for not objecting to the evidence if the evidence does not harm appellant's case. *Stafford v. State,* 813 S.W.2d 503, 508 (Tex. Crim. App. 1991). Even if the evidence is inadmissible and prejudicial, trial counsel's failure to object will not result in reversal of appellant's conviction unless appellant demonstrates the outcome of the trial would have been different had the evidence not been admitted. *Solomon v. State,* 49 S.W.3d 356, 365 (Tex. Crim. App. 2001).

The Texas Court of Criminal Appeals has held that evidence of the results of a lie detector or polygraph test is not admissible on behalf of either the State or the defendant. *Lewis v. State*, 500 S.W.2d 167, 168 (Tex. Crim. App. 1973). Any error in admitting improper testimony may be cured by the trial court's withdrawal of the evidence and its instruction to the jury to disregard. *Barnes v. State*, 502 S.W.2d 738, 739 (Tex. Crim. App. 1973). But where a witness gives an nonresponsive answer that mentions a polygraph test, but does not mention the results of such a test, there is no error in failing to grant a mistrial. *Richardson v. State*, 624 S.W.2d 912, 914-15 (Tex. Crim. App. 1981).

During the prosecutor's examination of Detective Lassiter at trial, the following exchange occurred:

Q.     Did you have a chance to interview — subsequently interview the Defendant?

A.     Yes.

Q.     And were you able to -- how did that meeting go?

A.     I — I met with him, explained to him why he was there, what the allegations were, and he denied it ever happening. I offered him the opportunity to — take the polygraph exam after that.

8

Q. Okay. Was Mr. — was the defendant ultimately arrested for this?

A. Yes.

Q. Okay. How did you end up closing out this report?

A. I filed a case with the District Attorney's Office.

Detective Lassiter's testimony about offering a polygraph exam to appellant was nonresponsive to the prosecutor's question. The record does not indicate whether appellant took the polygraph exam, nor the results, if any. The record does not otherwise include any other testimony or evidence of a polygraph examination, and it was not mentioned at any other time during the trial. Such testimony could have been cured by a withdrawal of that testimony and an instruction to the jury to disregard it. See *Barnes v. State*, 502 S.W.2d at 739. In this regard, appellant's trial counsel testified during the hearing on appellant's motion for new trial:

> I don't think [objecting and asking for a limiting instruction] would be protecting his interest because when you ask for limiting instructions and you tell the jury, you know, "Hey, disregard the red elephant that's standing in front of you," well, they're not going to do it, they're all of a sudden go[ing] to wake up and go "what, polygraph," so I didn't want to call attention to it. . . .

Appellant's trial counsel further testified: (1) the jury did not appear to pay attention to Detective Lassiter's reference to a polygraph exam and no mention was made of the results; (2) E.D.'s testimony was a bit confusing and the mother was just as much a defense witness as she was a witness for the State; (3) no outcry witness was available to testify at this trial; an outcry witness would have backed up E.D. and would have caused a quick conviction.

Appellant has failed to show that his trial counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. at 684. Trial

9

counsel's strategy to not object to the polygraph testimony because it would only draw the jury's attention to the polygraph exam has been recognized as legitimate trial strategy. *Graves v. State*, 994 S.W.2d 238, 248 (Tex. App.–Corpus Christi 1999, pet. ref'd., untimely filed). We will not second-guess trial counsel's strategic and tactical decisions made in the midst of trial.

### 3. Failure to Object to Extraneous Charge.

Appellant argues his trial counsel was ineffective because "instead of requesting an instruction in the jury charge to disregard appellant's prior conviction, his trial counsel assented to a charge informing the jury it could consider the prior conviction under Texas Rule of Evidence 404(b)."

Appellant's complaint is vague, does not refer to the record, does not specify the language that should have been included in such an instruction, and does not cite to any legal authority which supports the proposition that he is entitled to an instruction to disregard his prior conviction. TEX. R. APP. P. 38.1(i). Furthermore, the jury charge included the following instruction:

> You are instructed that if there is any testimony before you in this case regarding the defendant having committed offenses other than the offense alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the defendant committed such other offenses, if any were committed, and even then you may only consider the same in determining the identity, motive, opportunity, intent, plan, or knowledge of the defendant, or the absence of mistake or accident in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

The record shows that no evidence regarding appellant's prior criminal history was admitted during the guilt-innocence phase of the trial. The jury charge instruction expressly instructs the jury not to consider any testimony regarding appellant having

10

committed other offenses for any purpose unless the jury found and believed, beyond a reasonable doubt, that appellant committed the other offenses.  Appellant has failed to meet his burden of showing trial counsel's representation fell below an objective standard of reasonableness.  *Strickland v. Washington,* 466 U.S. at 684.

### 4. Failing to Present Exculpatory Evidence

Appellant complains that trial counsel failed to present exculpatory evidence.  His entire argument in his brief is that appellant received ineffective assistance of counsel because "the trial court expressed deep concern about the fairness of appellant's trial in light of trial counsel's failure to present evidence that the alleged E.D.'s mother failed to report the alleged assault."

Appellant's complaint is vague, does not identify the name of any witness who could have testified or what their testimony would have been, and does not cite to any legal authority whatsoever. TEX. R. APP. P. 38.1(i).  Appellant has waived this argument. *Id.*; *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997) (insufficiently briefed point of error presents nothing for review).

### 5. Conclusion – Reasonably Effective Assistance

The record shows trial counsel was sufficiently familiar with appellant's case and that he was reasonably effective during the trial.  Even after judging his representation by perfect hindsight, we cannot say that no reasonable trial attorney would have pursued such a strategy.  *Ex parte Ellis,* 233 S.W.3d at 330.  Appellant has failed to show a reasonable probability that, but for his attorney's errors, the result of the proceeding would have been different.  *Strickland v. Washington,* 466 U.S. at 684.  We overrule appellant's first issue.

11

**B.     Was There Prosecutorial Misconduct?**

By his second issue, appellant claims the prosecutor committed prosecutorial misconduct by reading the enhancement paragraph regarding appellant's prior felony drug conviction, and by allegedly asking Detective Lassiter to detail the meeting she had with appellant during which she offered a polygraph exam.[3]

Every person accused of a crime is entitled to a fair trial. *See  Bethany v. State*, 814 S.W.2d 455, 456 (Tex. App.–Houston [14th Dist.] 1991, writ ref'd); *see e.g., Henley v. State*, 576 S.W.2d 66, 69 (Tex. Crim. App. 1978).  It is the duty of both the trial court and the prosecutors to conduct themselves so as to ensure an accused receives a fair trial. TEX. CODE CRIM. PROC. ANN. article 2.03(b) (West 2005). To preserve a prosecutorial misconduct complaint, a defendant must:   (1) timely and specifically object, (2) request an instruction to disregard the matter improperly placed before the jury, and (3) move for mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995).

Appellant did not preserve error for review.  Appellant made no objection on the basis of prosecutorial misconduct in the trial court to the previously addressed alleged errors. By failing to object on this theory at trial, appellant has preserved nothing for review. *See Hajjar v. State,* 176 S.W.3d 554, 566 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd); *Perkins v. State*, 902 S.W.2d 88, 96 (Tex. App.–El Paso), *supplemented*, 905 S.W.2d 452 (Tex.. App.–El Paso 1995, pet. ref'd.). Further, appellant expressly waived error regarding the prosecutor's reading of the enhancement paragraph, and no

---

[3] The prosecutor was permitted to generally inquire about the witness's interview with appellant. The record shows the prosecutor never asked any question about a polygraph.  Rather, the witness included it in a non-responsive answer.

objection was made regarding the non-responsive answer regarding the polygraph. We overrule appellant's second issue.

## C. Was Appellant's Waiver Voluntary, Free and Knowing?

By his third issue, appellant argues his waiver of a mistrial with respect to the prosecutor's reading of the enhancement paragraph was not voluntary, free and knowing. Appellant asserts he did not understand he could have received a mistrial.

Appellant did not object on this ground during the trial. He has further failed to identify any law which would entitle him to a mistrial, and he has not otherwise offered any supporting legal authority.[4] Insufficiently briefed points of error present nothing for review. TEX. R. APP. P. 38.1(i); *McDuff v. State*, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); *Perez v. State*, 28 S.W.3d 627, 634 (Tex. App.--Corpus Christi 2000, no pet.). Moreover, the record shows that, after meeting with his counsel, appellant personally told the trial court he was waiving his right to a mistrial. We overrule appellant's third issue.

## D. Was the Jury Charge Fundamentally Defective?

By his fourth point of error, appellant claims the jury charge was "fundamentally defective" because it did not include a jury instruction that the jury disregard the reading of the enhancement paragraph or that the jury disregard evidence he had been offered a polygraph exam.

Appellant did not object to the jury charge, and did not otherwise submit any instruction whatsoever to be included in the jury charge. Appellant has not cited any legal authority which would show he was entitled to an instruction, and the non-inclusion

---

[4] Appellant's reliance on *Bumper v. California*, 391 U.S. 543 (1968) is misplaced. *Bumper* contemplated whether a voluntary consent was sufficient to validate a search of a home. *Bumper* did not contemplate a waiver made in open court during a trial.

of such a jury instruction may have been based on trial strategy seeking to diminish the impact of the earlier events. Appellant has not included a harm analysis in his brief, but generally asserts the failure to include an unrequested jury instruction somehow constitutes fundamental error.

If no objection to an alleged jury charge error is made at trial, appellant must show that the error created such harm that he did not have a fair and impartial trial. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). Error creating egregious harm is also described as error that goes to the very basis of the case or that vitally affects the defensive theory. *Ex parte Smith,* 309 S.W.3d 53, 63 (Tex. Crim. App. 2010). The actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, the argument of counsel, and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, 686 S.W.2d at 171.

Considering such factors, the record does not show appellant did not have a fair and impartial trial. We overrule appellant's fourth issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

_____
Hon. Gregory T. Perkes

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
12th day of May, 2011.

14