NUMBER 13-09-00247-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT OF TEXAS

 

CORPUS CHRISTI-EDINBURG



 



 

J.W. TATE,                                                                                      Appellant,

 

v.

 

THE STATE OF TEXAS,                                                               Appellee.



 



 

On appeal from the 94th District Court

of Nueces County,  Texas



 



 

MEMORANDUM OPINION

 

Before Justices Garza, Vela, and Perkes

Memorandum Opinion by Justice Perkes

 

A jury found appellant guilty of aggravated sexual assault of
a child and the trial court assessed punishment at seventy-five years’
confinement.  By four issues, appellant asserts on appeal:  (1) ineffective
assistance of counsel; (2) prosecutorial misconduct; (3) his waiver of a
mistrial was not voluntary, free and knowing; and (4) the jury charge was fundamentally
defective.  We affirm.[1]


I. BACKGROUND

            Appellant
was charged with one count of aggravated sexual assault.  The indictment
included an enhancement paragraph alleging appellant was previously convicted
of felony possession of a controlled substance.  

E.D.’s mother, Franchela Davis, was dating appellant at the
time of the underlying assault.  Appellant went to Davis’ residence around 2:00
a.m. to ask her to call for an ambulance because his jaw was out of position.  Appellant
appeared to be in pain and intoxicated.  Davis left the apartment to use an
outside telephone to call for an ambulance.  

Davis’ eight year old daughter (“E.D.”) was sleeping with her
sister on the couch.  E.D. woke up when appellant placed his hand on her
“private part.”  Appellant, who was in his underwear, removed E.D.’s shorts and
stuck his “thing” in her “private part.”  E.D.’s sister did not wake up.  Appellant
then told E.D. to go to the kitchen and lie down on the floor, which she did.  Appellant
got on top of E.D. and again put his “thing” in her “private part,” which hurt E.D. 
When he finished, appellant told E.D. not to tell anyone.  On the way back from
the kitchen, E.D. saw Davis, who told her to go to bed.  

When Davis next saw appellant, he was stripped to his
underwear.  Appellant told Davis that he woke up E.D. “to help with his jaw.”  Appellant
got dressed and left with the ambulance.  Medical records indicate appellant
was treated for a dislocated jaw at Spohn Memorial Hospital.

Carol McLaughlin, a sexual assault nurse examiner, examined E.D.
at Driscoll Children’s Hospital.  She observed an injury to E.D.’s vaginal area
consistent with the history she was given.  The medical records quoted E.D.’s
history:  “My mom’s boyfriend woke me up.  He put his thing (patient points to
genital area) in there (indicates female sexual organ by pointing).  He put it
in, in the kitchen and he put it in on the couch.  It hurt.”  Ms. McLaughlin
testified E.D.’s injury was probably caused by a “bad landing,” which is what
happens “when the person assaulting hits too low, instead of hitting the hole, so
that the skin will take all the trauma of the hit and will cause it to tear.”  

Lora Lassiter, a detective with the Family Violence Unit of
the Corpus Christi Police Department, arranged for E.D.’s interview at the
Children’s Advocacy Center.  Detective Lassiter also interviewed appellant, who
denied the allegations.  Appellant was arrested and charged with aggravated
sexual assault of a child as a repeat offender. 

A jury found appellant guilty of aggravated sexual assault of a child, and the trial court sentenced him
to seventy-five years’
confinement in the
Institutional Division of the Texas Department of Criminal Justice.  This
appeal followed.     

II.  ANALYSIS AND DISCUSSION

A.        Was Appellant’s Trial
Counsel Ineffective?

Appellant complains his trial counsel was ineffective in four
areas:  (1) failing to object or request instructions to disregard the
prosecutor’s improper reading of the enhancement paragraph; (2) failing to
object or request instructions to disregard improper testimony that appellant
was offered a polygraph examination; (3) failing to object to an extraneous
charge under Texas Rule of Evidence 404(b); and (4) failing to present
exculpatory evidence.  

To establish ineffective assistance of counsel, appellant
must show:  (1) his attorney’s representation fell below an objective standard
of reasonableness; and (2) there is a reasonable probability that, but for his
attorney’s errors, the result of the proceeding would have been different.  See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Dewberry v. State, 4
S.W.3d 737, 757 (Tex. Crim. App. 1999).  Whether this test has been met is to
be judged on appeal by the totality of representation, not by isolated acts or
omissions.  Rodriguez v. State,
899 S.W.2d 658, 665 (Tex. Crim. App. 1995). Isolated failures to
object generally do not constitute error in light of the sufficiency of the
overall representation.  Johnson v. State, 691
S.W.2d 619, 627 (Tex. Crim. App. 1984).

Appellant has the burden of proving ineffective assistance of
counsel by a preponderance of the evidence.  Thompson v. State, 9 S.W.3d
808, 813 (Tex. Crim. App. 1999).  A reviewing court must indulge a strong
presumption that counsel’s
conduct falls within the wide range of reasonable professional assistance; that
is, the defendant must overcome the presumption that, under the circumstances,
the challenged action might be considered sound trial strategy.  Strickland, 466 U.S.
at 689.  The
right to reasonably effective assistance of counsel does not guarantee
errorless counsel or counsel whose competency is judged by perfect hindsight.  Saylor
v. State, 660 S.W.2d 822, 824 (Tex. Crim. App. 1983).  

  Strategic choices made after thorough investigation of law
and facts relevant to plausible options are virtually unchallengeable.  Strickland,
466 U.S. at 690.  A reviewing court will not second-guess legitimate
strategic or tactical decisions made by counsel in the midst of trial, Williams
v. State, 301 S.W.3d 675, 687 (Tex. Crim. App. 2009), nor will this Court reverse
over choices of trial strategy. St. Peter v. State, 811 S.W.2d 729, 730
(Tex. App.–Corpus Christi 1991, no pet.).  However, a reviewing court can
determine whether a specific act or omission was outside the range of
professionally competent assistance.  Ex parte Ellis, 233 S.W.3d 324,
330 (Tex. Crim. App. 2007).  Even unsuccessful trial strategies that have been
described as “perhaps highly undesirable” and “undoubtedly risky” have
nonetheless been upheld as not unreasonable according to prevailing professional
norms.  Id. at 331. 


1.   
      Reading
of Enhancement Paragraph

Appellant argues trial counsel was ineffective because he
failed to object or request instructions to disregard the prosecutor’s purportedly
improper reading of the enhancement paragraph. Texas Code of Criminal Procedure
article 36.01(a)(1) provides:

(a)  a jury being impaneled in any criminal action . .
. the cause shall proceed in the following order:

 

(1)   The
indictment or information shall be read to the jury by the attorney prosecuting.
When prior convictions are alleged for purposes of enhancement only and are not
jurisdictional, that portion of the indictment or information reciting such
convictions shall not be read until the hearing on punishment is held as
provided in Article 37.07. . . . 

 

The Texas Court of Criminal Appeals has held that violation
of this provision will result in reversal.  Frausto v. State, 642 S.W.2d 506, 508 (Tex.
Crim. App. 1982).  However, errors resulting from a violation of this provision
can be waived.  Cox v. State, 422 S.W.2d 929, 930 (Tex. Crim. App. 1968)
(absent an objection, a violation of article 36.01
is waived).  Moreover, the failure to object to a prosecutor’s reading
of an enhancement paragraph does not necessarily constitute ineffective
assistance of counsel.  Hardin v. State, 951
S.W.2d 208, 211 (Tex. App.--Houston [14th Dist.] 1997, no pet.)(appellant's
attorney may have declined to object to reading of the enhancement paragraphs
in an attempt to avoid calling further attention to appellant's prior
convictions); Oliva v. State, 942
S.W.2d 727, 733 (Tex. App.--Houston [14th Dist.] 1997), pet.
dism’d, 991 S.W.2d 803 (Tex. Crim. App. 1998)(counsel's failure to object
to prosecutor's alleged misstatement regarding appellant's prior conviction may
have been trial strategy to avoid overemphasizing prior conviction).  Rather, a reviewing court must look, with a highly
deferential eye, at the totality of counsel's representation to determine
whether the Strickland standard has been met, making reasonable
allowances for counsel's trial strategy. Hardin, 951 S.W.2d at 211.  

Appellant’s trial counsel testified at the hearing on appellant’s
motion for new trial that there were three reasons for not objecting at trial: 
(1) outcry witnesses who would be detrimental to appellant’s case were not
available to testify at his current trial, but could become available to
testify at a later trial; (2) trial counsel observed the jury was not paying
attention to the reading of the enhancement paragraph, and even if they heard
it,  the conviction pertained to a drug case, and not to sexual assault of a
child[2];
and (3) the jury looked to be fair, particularly because a black person was on
the jury.  Trial counsel testified that even in hindsight, he would have chosen
the same strategy.        

Immediately after the prosecutor read the enhancement
paragraph, appellant was given an opportunity to meet
with his trial counsel and co-counsel to discuss this matter.  Appellant’s counsel thereafter announced, out of
the jury’s presence:  

I’ve discussed this matter with the Defendant . . . other
matters that indicates that going at this time might be more in the Defendant’s
best interest such as the possible absence of a prosecution witness due to
health reasons and the fact that we feel we’ve gotten a very fair-looking jury,
that it may be a bit of unusual decision but for tactical reasons we’ve decided
we are not going to ask for a mistrial and we’re prepared to proceed at this
time.

 

The trial
court then asked appellant:  “Are you telling the Court through
your lawyer that you understand and you want to waive or give up the fact that
you’re entitled to a mistrial and go forward?”  Appellant answered, “yes.”  Based
upon this trial record, we do not believe appellant received ineffective
assistance of counsel in this respect.

2.         Witness’ Unsolicited Reference to a Polygraph Exam

            Appellant
argues his trial counsel was ineffective by failing to object to and ask for a
limiting instruction regarding a polygraph exam.  He argues the prosecutor’s
question implied either that appellant took the test and failed it, or that he
refused it to hide his guilt, and that the line of questioning was a comment on
appellant’s right to remain silent and improperly bolstered the witness’
testimony.    

            In
order to successfully argue a trial counsel's failure to object to the State's
questioning amounted to ineffective assistance of counsel, appellant must show
the trial court would have committed error in overruling such an objection.  Vaughn
v. State, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996); see also Gee v.
State, No. 01-07-00068-CR, 2007 Tex. App. LEXIS 9811 (Tex. App.–Houston [1st
Dist.] Dec. 13, 2007, pet. ref’d)(mem. op., not designated for publication).  Even
if the evidence could be excluded on some basis, trial counsel may have a sound
strategy for not objecting to the evidence if the evidence does not harm appellant’s
case.  Stafford v. State, 813 S.W.2d 503, 508 (Tex. Crim. App. 1991). 
Even if the evidence is inadmissible and prejudicial, trial counsel’s failure
to object will not result in reversal of appellant’s conviction unless appellant
demonstrates the outcome of the trial would have been different had the
evidence not been admitted.  Solomon v. State, 49 S.W.3d 356, 365 (Tex.
Crim. App. 2001).  

The Texas Court of Criminal Appeals has held that evidence of
the results of a lie detector or polygraph test is not admissible on behalf of
either the State or the defendant.  Lewis v. State, 500 S.W.2d 167, 168
(Tex. Crim. App. 1973).  Any error in admitting improper testimony may be cured
by the trial court's withdrawal of the evidence and its instruction to the jury
to disregard.  Barnes v. State, 502 S.W.2d 738, 739 (Tex. Crim. App.
1973).  But where a witness gives an nonresponsive answer that mentions a
polygraph test, but does not mention the results of such a test, there is no
error in failing to grant a mistrial.  Richardson v. State, 624 S.W.2d
912, 914-15 (Tex. Crim. App. 1981).  

            During the prosecutor’s examination
of Detective Lassiter at trial, the following exchange occurred: 

Q.        Did you have a chance to interview — subsequently
interview the Defendant?

 

A.        Yes.

 

Q.        And were you able to -- how did that meeting
go?  

 

A.        I — I met with him, explained to him why he
was there, what the allegations were, and he denied it ever happening.  I
offered him the opportunity to —  take the polygraph exam after that.

Q.        Okay.  Was Mr. — was the defendant
ultimately arrested for this?

 

A.        Yes.

 

Q.        Okay.  How did you end up closing out this
report?

 

A.        I filed a case with the District Attorney’s
Office.

 

Detective Lassiter’s testimony about offering a polygraph
exam to appellant was nonresponsive to the
prosecutor’s question.  The
record does not indicate whether appellant took the polygraph exam, nor the
results, if any. The record does not otherwise include any other testimony or
evidence of a polygraph examination, and it was not mentioned at any other time
during the trial.  Such testimony
could have been cured by a withdrawal of that testimony and an instruction to
the jury to disregard it.  See Barnes v. State, 502 S.W.2d at 739.  In
this regard, appellant’s trial counsel testified during the hearing on appellant’s motion for new trial:

I don’t think [objecting and asking for a limiting
instruction] would be protecting his interest because when you ask for limiting
instructions and you tell the jury, you know, “Hey, disregard the red elephant
that’s standing in front of you,” well, they’re not going to do it, they’re all
of a sudden go[ing] to wake up and go “what, polygraph,” so I didn’t want to
call attention to it. . . .

 

Appellant’s trial
counsel further testified:  (1) the jury did not appear to pay attention to Detective
Lassiter’s reference to a polygraph exam and no mention was made of the
results; (2) E.D.’s testimony was a bit confusing and the mother was just as
much a defense witness as she was a witness for the State; (3) no outcry
witness was available to testify at this trial; an outcry witness would have
backed up E.D. and would have caused a quick conviction.

Appellant has failed to show that his trial counsel’s representation fell below an
objective standard of reasonableness.  Strickland v. Washington, 466
U.S. at 684.  Trial counsel’s strategy to not object to the polygraph testimony
because it would only draw the jury’s attention to the polygraph exam has been recognized
as legitimate trial strategy.  Graves v. State, 994 S.W.2d 238, 248
(Tex. App.–Corpus Christi 1999, pet. ref’d., untimely
filed).  We will not second-guess trial counsel’s
strategic and tactical decisions made in the midst of trial.    

3.         Failure to Object to Extraneous Charge.

Appellant argues his trial counsel was ineffective because “instead
of requesting an instruction in the jury charge to disregard appellant’s prior
conviction, his trial counsel assented to a charge informing the jury it could
consider the prior conviction under Texas Rule of Evidence 404(b).”

            Appellant’s
complaint is vague, does not refer to the record, does not specify the language
that should have been included in such an instruction, and does not cite to any
legal authority which supports the proposition that he is entitled to an
instruction to disregard his prior conviction.  Tex. R. App. P. 38.1(i).  Furthermore, the jury charge
included the following instruction:   

You are instructed that if there is any testimony
before you in this case regarding the defendant having committed offenses other
than the offense alleged against him in the indictment in this case, you cannot
consider said testimony for any purpose unless you find and believe beyond a
reasonable doubt that the defendant committed such other offenses, if any were
committed, and even then you may only consider the same in determining the
identity, motive, opportunity, intent, plan, or knowledge of the defendant, or
the absence of mistake or accident in connection with the offense, if any,
alleged against him in the indictment in this case, and for no other purpose.

 

 The record shows that no evidence regarding appellant’s
prior criminal history was admitted during the guilt-innocence phase of the
trial.  The jury charge instruction expressly instructs the jury not to consider
any testimony regarding appellant having committed other offenses for any
purpose unless the jury found and believed, beyond a reasonable doubt, that appellant
committed the other offenses.  Appellant has failed to meet his burden of showing
trial counsel’s representation fell below an objective standard of
reasonableness.  Strickland v. Washington, 466 U.S. at 684.  

4.         Failing to Present Exculpatory Evidence

Appellant complains that trial counsel failed to present
exculpatory evidence.  His entire argument in his brief is that appellant
received ineffective assistance of counsel because “the trial court expressed
deep concern about the fairness of appellant’s trial in light of trial
counsel’s failure to present evidence that the alleged E.D.’s mother failed to
report the alleged assault.”  

Appellant’s complaint is vague, does not identify the name of
any witness who could have testified or what their testimony would have been,
and does not cite to any legal authority whatsoever. Tex. R. App. P. 38.1(i).  Appellant has waived this
argument.  Id.; McDuff v. State, 939 S.W.2d 607, 613 (Tex. Crim.
App. 1997) (insufficiently briefed point of error presents nothing for review).

5.         Conclusion – Reasonably Effective Assistance

The record shows trial counsel was sufficiently familiar with
appellant’s case and that he was reasonably effective during the trial.  Even
after judging his representation by perfect hindsight, we cannot say that no
reasonable trial attorney would have pursued such a strategy.  Ex parte
Ellis, 233 S.W.3d at 330.  Appellant has failed to show a reasonable
probability that, but for his attorney’s errors, the result of the proceeding
would have been different.  Strickland v. Washington, 466 U.S. at 684.  We overrule appellant’s first issue.

B.        Was
There Prosecutorial Misconduct?  

By his second issue, appellant claims the prosecutor
committed prosecutorial misconduct by reading the enhancement paragraph
regarding appellant’s prior felony drug conviction, and by allegedly asking
Detective Lassiter to detail the meeting she had with appellant during which
she offered a polygraph exam.[3] 


Every person accused of a crime is entitled to
a fair trial. See  Bethany v. State, 814
S.W.2d 455, 456 (Tex. App.–Houston [14th Dist.] 1991, writ ref'd); see
e.g., Henley v. State, 576
S.W.2d 66, 69 (Tex. Crim. App. 1978).  It is the duty of both the
trial court and the prosecutors to conduct themselves so as to ensure an
accused receives a fair trial. Tex. Code Crim.
Proc. Ann. article 2.03(b) (West 2005). To preserve a prosecutorial
misconduct complaint, a defendant must:  (1) timely and specifically object,
(2) request an instruction to disregard the matter improperly placed before the
jury, and (3) move for mistrial. Penry v. State, 903 S.W.2d 715, 764
(Tex. Crim. App. 1995).  

Appellant did not preserve error for review.  Appellant made no objection on
the basis of prosecutorial misconduct in the trial court to the previously
addressed alleged errors. By failing to object on this theory at trial, appellant has
preserved nothing for review. See Hajjar v. State, 176 S.W.3d 554,
566 (Tex. App.–Houston [1st Dist.] 2004, pet. ref’d); Perkins v. State, 902
S.W.2d 88, 96 (Tex. App.–El Paso), supplemented, 905 S.W.2d 452 (Tex..
App.–El Paso 1995, pet. ref'd.). Further, appellant expressly waived error regarding the
prosecutor’s reading of the enhancement paragraph, and no objection was made
regarding the non-responsive answer regarding the polygraph.   We overrule appellant’s second issue.

C.        Was
Appellant’s Waiver Voluntary, Free and Knowing?

By his third issue, appellant argues his waiver of a mistrial with respect to the prosecutor’s reading
of the enhancement paragraph was not voluntary, free and knowing.  Appellant asserts he did not understand he
could have received a mistrial.  

Appellant did not object on this ground during the trial.  He
has further failed to identify any law which would entitle him to a mistrial, and
he has not otherwise offered any supporting legal authority.[4]  Insufficiently
briefed points of error present nothing for review.  Tex. R. App.
P. 38.1(i); McDuff v.
State, 939 S.W.2d 607, 613 (Tex. Crim. App. 1997); Perez v. State,
28 S.W.3d 627, 634 (Tex. App.--Corpus Christi 2000, no pet.).  Moreover, the record shows that,
after meeting with his counsel, appellant personally told the trial court he
was waiving his right to a mistrial.  We overrule appellant’s third issue.  

D.        Was
the Jury Charge Fundamentally Defective?  

By his fourth point of error, appellant claims the jury charge was “fundamentally
defective” because it did not include a jury instruction that the jury
disregard the reading of the enhancement paragraph or that the jury disregard evidence
he had been offered a polygraph exam. 

Appellant did not object to the jury charge, and did not
otherwise submit any instruction whatsoever to be included in the jury charge. 
Appellant has not cited any legal authority which would show he was entitled to
an instruction, and the non-inclusion of such a jury instruction may have been
based on trial strategy seeking to diminish the impact of the earlier events. 
Appellant has not included a harm analysis in his brief, but generally asserts
the failure to include an unrequested jury instruction somehow constitutes
fundamental error.  

If no objection to an alleged jury charge error
is made at trial, appellant must show that the error created such harm that he
did not have a fair and impartial trial.  Almanza v. State, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985).  Error creating egregious harm is also
described as error that goes to the very basis of the case or that vitally
affects the defensive theory. Ex parte Smith, 309
S.W.3d 53, 63 (Tex. Crim. App. 2010). The actual degree of harm must be
assayed in light of the entire jury charge, the state of the evidence, the
argument of counsel, and any other relevant information revealed by the record
of the trial as a whole.  Almanza v. State, 686 S.W.2d at 171.

Considering such factors, the record does not show appellant did not have a fair and
impartial trial.  We
overrule appellant’s fourth issue.

III.  CONCLUSION

We affirm the judgment of the trial court.

 

                                                                        ____________________________

                                                                        Hon.
Gregory T. Perkes

 

Do not
publish.  Tex. R. App. P.
47.2(b).

Delivered
and filed the

12th
day of May, 2011.









[1] The Texas Court
of Criminal Appeals heard the matter upon an Application for Writ of Habias
Corpus and granted an out-of-time appeal, thereby allowing appellant to pursue
this appeal.  Ex Parte J. W. Tate, No. AP-76,108 (Tex. Crim. App., March
11, 2009) (available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=265998)
(not designated for publication).





            [2] Appellant also had a
prior conviction for aggravated assault which was not included in the
enhancement paragraph.  Trial counsel testified that had the prosecutor read
that conviction to the jury, he would have asked for a mistrial. 





[3] The prosecutor
was permitted to generally inquire about the witness’s interview with
appellant.  The record shows the prosecutor never asked any question about a
polygraph.  Rather, the witness included it in a non-responsive answer.





[4] Appellant’s
reliance on Bumper v. California, 391 U.S. 543 (1968) is misplaced.  Bumper
contemplated whether a voluntary consent was sufficient to validate a search of
a home. Bumper did not contemplate a waiver made in open court during a
trial.